**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marcelle LACOUTURE, Defendant-Appellant.**

**No. 73-2834.**

United States Court of Appeals, Fifth Circuit.

June 12, 1974.

Rehearing Denied Aug. 15, 1974.

---

James M. Simons, Austin, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Anna E. Stool, Staff Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before ALDRICH, Senior Circuit Judge * and BELL and GEE, Circuit Judges.

GEE, Circuit Judge:

This case presents squarely for the first time in our circuit the question whether a witness'[1] refusal to testify on Fifth Amendment grounds may be made known to the jury or commented on by defense counsel. Other circuits which have considered these issues, however,[2] have uniformly said no. We agree and affirm.

A little over a year ago customs agents inspected defendant Lacouture at a Port of Entry at Laredo, Texas, on her return from a few hours' visit to Mexico. She advised the customs official that the car she was driving belonged to another. Several suspected marihuana seeds were seen on the front

---

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

1. Not a co-defendant. This was considered in DeLuna v. United States, 308 F.2d 140 (5th Cir. 1962).

2. United States v. Johnson, 488 F.2d 1206 (1st Cir. 1973); United States v. Beye, 445 F.2d 1037 (9th Cir. 1971); Bowles v. United States, 142 U.S.App.D.C. 26, 439 F.2d 536 (1970) (en banc).

seat, but a search of her clothes and personal effects by an inspectress revealed no contraband. A marihuana cigarette was, however, found hidden in a defroster hose under the dashboard of the car. Her response to this occurrence was, "So what?" At this she received a *Miranda* warning.

The customs officials then went to the back of the automobile to open the trunk. Defendant, who had been fully cooperative throughout, advised them that the trunk was "a little tricky" to get into, telling them just to pull it on open. The spare tire seemed a little heavy to them and, when broken down, was found to contain 5.75 pounds of Mescaline Sulfate, sufficient for thousands of "street doses" of that hallucinogenic drug.

A jury found Lacouture guilty of importing and possessing with intent to distribute the Mescaline, but not guilty of importing the marihuana squib. On this appeal she complains that the evidence was insufficient to support her conviction and of the handling of the car owner as a witness.

■ Considered as it must be in the light most favorable to the government,[3] the evidence was sufficient to support her conviction. She was the driver and only occupant of the vehicle in which the contraband was found hidden, and had sole dominion and control of it at that time. She was familiar with the working of the lid of the trunk where the drug was hidden. She had had control of the car, on her own showing, for the whole of that day, and was returning from Mexico. She had access to the trunk. We are unprepared to hold that, as a matter of law, one may insulate himself from the drug laws by employing a borrowed vehicle and concealing the contraband thoroughly. Cases such as *Montoya*,[4] involving a passenger without control or dominion over the vehicle, and Guevara v. United States,[5] where a relatively insignificant amount of marihuana was found beneath the car's front seat, in a place where it might with equal ease have been placed by either of the car's occupants or by anyone else, are not apposite here. Lacouture was in sole control, and the jury doubtless thought it unlikely that such a large amount of this drug would have been carelessly left concealed in the car by some third person.

Lacouture's other claim of error concerns the handling of what we can only call the non-testimony of the car's owner, Virginia Coleman. Without objection, Mrs. Coleman was identified before the jury by one of the Government witnesses as the owner of the car in question. Immediately thereafter, defense counsel elicited from the same witness that Mrs. Coleman was present at court under Government subpoena. A little later, he went further into the subject, establishing that she had refused to discuss the case with the witness, a government investigator. Later still, he attempted to call Mrs. Coleman as a witness. At the suggestion of Government counsel, she was examined before the court in chambers where, after she had given her name and address, the defense asked if she owned the automobile in question. At this juncture Mrs. Coleman's attorney advised the court that she had recently been before the Grand Jury where on his advice she had refused to answer questions, that the United States attorney had indicated she "could be a potential defendant," and that upon advice of counsel she would, if called as a witness, invoke the Fifth Amendment and refuse to answer any questions. The court asked her if she intended to follow this advice. She replied that she didn't know and asked if she could think it over. The court reminded her of her attorney's advice. She then stated that she would like to see justice "happen here" but "I don't want to incriminate myself." The court, concluding that if put on the stand she would claim the privilege, then ruled that she would not be permitted to testify in the presence of the jury. Counsel were instructed not to make reference to her failure to testify.

---

3. Montoya v. United States, 402 F.2d 847 (5th Cir. 1968).

4. Id.

5. 242 F.2d 745 (5th Cir. 1957).

Before us, Appellant Lacouture asserts that by these actions the court committed four errors: (1) preventing defendant from calling Mrs. Coleman as a witness in the jury's presence, (2) claiming the privilege for the witness rather than requiring her to do so, (3) instructing defense counsel not to refer to her failure to testify or the Government's failure to put her on, and (4) in giving no curative or neutralizing instruction to the jury on the subject.

■ Contentions (1) and (3) may be treated together. We see no merit in defendant's invocation of the Confrontation Clause. The mere identification of Mrs. Coleman did not constitute her a witness against defendant. Nor is there merit in the Compulsory Process Clause claim; Lacouture did not subpoena Mrs. Coleman, and had she done so, her rights thereunder would have been exhausted by Mrs. Coleman's physical availability at court and could not override the witness' privilege against compulsory self-incrimination. Cf. United States v. Gloria, 494 F.2d 477 (5th Cir. 1974).

The contention therefore boils down to one of evidentiary error in refusing to permit Mrs. Coleman to be placed on the stand for the jury to hear her—the car's owner—"take the Fifth," or to permit comment on this circumstance. As noted above, the circuits which have considered these questions have uniformly rejected such contentions. As was stated by the First Circuit, in the most recent opinion in the area:

> . . . we find without merit the claim that Johnson had a right to have Perry called as a witness before the jury. Bowles v. United States, 142 U.S.App.D.C. 26, 439 F.2d 536 (en banc 1970); Commonwealth v. Greene, 445 Pa. 228, 285 A.2d 865 (1971). If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him.

> Namet v. United States, 373 U.S. 179, 186, 189, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963); Bowles v. United States, supra, 142 U.S.App.D.C. at 26, 439 F. 2d at 541. (footnote omitted)

United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir. 1973).

One basic reason supporting this rule —that reliable inferences from such conduct by a witness do not ordinarily follow—is exemplified by our case. The two most likely inferences to be drawn from Mrs. Coleman's claim of privilege are that she was involved in the importation scheme along with defendant Lacouture, or that she alone was guilty and Lacouture was an innocent dupe. One favors the defense, the other the prosecution; and one is as likely as the other. Others are conceivable but unlikely and irrelevant, such as that the witness was engaged in some unrelated criminal activity at the time which she wished to conceal. And as the *Bowles* court noted, a claim of Fifth Amendment protection is likely to be regarded by the jury as high courtroom drama and a focus of ineradicable interest, when in fact its probative force is weak and it cannot be tested by cross-examination. We have little difficulty in concluding that the trial court was within its discretion in excluding matter of such dubious probative value and high potential for prejudice. Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc., 491 F.2d 1239 (5th Cir. 1974). The matter having been excluded, there was no peg on which either side could hang a jury argument. Nor was there any room for defense comment on failure of the Government to call Mrs. Coleman as a witness, since she was present and as "available" to the defense as to the Government.

■■ The contention that the court claimed the privilege for the witness is likewise without merit. The witness' attorney had stated flatly in her presence that if called she would answer no questions, as she had just done before the Grand Jury. She then vacillated somewhat, but her final statement was " . . . I don't want to incriminate myself." The court's remarks do no more than reveal a proper solicitude for

her rights, and his preliminary determination that she would refuse to answer was not erroneous. And as for the complaint of the court's failure to give a neutralizing instruction, none was requested, defendant's counsel had himself brought out that the witness had refused to talk to the investigator and was present under Government subpoena, and the court may well have felt that the failure to request such an instruction represented a tactical choice by the defense with which it should not tamper. See Bowles v. United States, 142 U.S. App.D.C. 26, 439 F.2d 536, 542 (1970). Certainly this was not plain error.

Affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

On rehearing, Appellant asserts that she as well as the government subpoenaed Mrs. Coleman. Although the record does not clearly so indicate, we will assume this to be correct. As the opinion notes, however, her rights under the subpoena were exhausted by Mrs. Coleman's appearance and could not override the Fifth Amendment privilege of such a "virtual defendant" as Mrs. Coleman. Cf. United States v. Rangel, 496 F.2d 1059 (5th Cir. 1974).

Denied.