[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR REARGUMENT
Pursuant to Practice Book 2000 and 4121 et seq., the defendant-appellant in the above-captioned matter moves the Court for reargument limited to the first issue raised in his brief in which he alleges the trial court erred in permitting the witness, C, to invoke his fifth amendment privilege in front of the jury. This request for reargument is based in part upon the Motion To Correct that the defendant-appellant is simultaneously filing with this Court, and upon the additional reasons set forth below.
I. BRIEF HISTORY OF THE CASE
Following a jury trial, in the Superior Court for the Judicial District of New Haven, Gormley, J., the defendant-appellant was convicted of the crime of attempted robbery in the first degree, 53a-49, 53a-134
(a)(2) C.G.S. On December 14, 1989, the court (Gormley, J.) imposed a sentence of 20 years execution suspended after 12 years. The defendant-appellant filed his initial brief on April 26, 1990. The State's brief was received by the defendant-appellant on August 1, 1990, to which he filed a reply brief on September 7, 1990. Oral argument was held on November 8, 1990 and the Appellate Court issued its decision on January 29, 1991.
II. SPECIFIC FACTS RELIED UPON
In its published opinion released on January 29, 1991, this Court erroneously stated that the defendant appellant had not addressed in his brief the claim that the trial court erred in allowing the witness to invoke the fifth amendment privilege in front of the jury. State v. Dennison, 24 Conn. App. 27, 31 (1991). On the basis of both that erroneous statement and an equally erroneous accompanying footnote that dismissed the merits of that claim even if review was afforded, this Court "deem[ed] the claim abandoned and decline[d] further review. [citation omitted]" State v. Dennison, supra at 31.
Pursuant to Practice Book 4183 (11), the defendant-appellant has moved this Court to correct that portion of its published opinion that erroneously reports that he failed to address in his brief the claim that the trial court improperly allowed the witness to invoke the fifth amendment privilege in the presence of the jury. Attached to CT Page 1510 that motion, the defendant-appellant has provided 16 pages from both his initial and reply brief and 12 pages from the State's brief that specifically dealt with that very issue.
The defendant-appellant is requesting reargument as a result of this Court's failure to consider the principal claim of error that he raised on appeal. That failure appears to be a consequence of the Court's failure to understand the defendant's claim and the failure to apply the controlling principles of law on the issue in question. Such a conclusion arises not just from the Court's erroneous determination that the defendant-appellant's brief failed to address this claim, but also as a result of a footnote in the opinion in which it stated that, "even if we were to consider the defendant-appellant's claims, we would find them without merit." State v. Dennison, supra at 31, n. 1. The defendant-appellant maintains that had this Court properly understood the claim and properly applied the case law on this very issue, it would not have and could not have summarily dismiss the merits of his claim in a footnote.
It is well settled that it is error for the jury to be presented with a witness' invocation of his fifth amendment privilege. State v. Person, 20 Conn. App. 115 (1989), aff'd 215 Conn. 653 (1990); State v. Bryant, 202 Conn. 676 (1987); Namet v. United States, 373 U.S. 179
(1963). "Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him." State v. Bryant, supra at 683, citing United States v. Lacouture, 495 F.2d 1237, 1240 (5th Cir.), reh. denied, 503 F.2d 568
(5th Cir.), cert. denied, 419 U.S. 1053 (1974).
Our appellate courts having concluded that this "is a claim of evidentiary trial error", the reviewing court must determine if the defendant has satisfied his burden of showing harmful error by establishing, "that it is more probable than not that the erroneous action of the court affected the result." State v. Person, 215 Conn. at 660.[1]
Conceding the merits of this very claim, both of our appellate courts have stated that, in determining if reversal is warranted, "[r]equiring a witness to assert the fifth amendment privilege against self-incrimination in the presence of the jury presents two potential grounds for a finding of harmful error." State v. Person,20 Conn. App. at 120, 215 Conn. at 660-61.
Quoting from Namet v. United States, our appellate courts have outlined those two theories of the issue, each of which suggests its own distinct ground of error. "First, some courts have indicated that error may be based upon a concept of prosecutorial misconduct, when the Government makes a conscious and flagrant attempt to build its case out of inferences arising from the use of the testimonial privilege. . . .A second theory seems to rest upon the conclusion that, in the circumstances of a given case, inferences from a witness' refusal to CT Page 1511 answer added critical weight to the prosecution's case in a form not subject to cross-examination, and thus unfairly prejudiced the defendant." State v. Person, 20 Conn. App. at 120-21, 215 Conn. at 661. In the present case, of course, the prosecution improperly added critical weight to its case by using the improper inferences from requiring an exculpating defense witness to invoke his privilege before the jury.
In addition, whether the defendant is entitled to a new trial based upon the prejudicial impact on the jury's verdict, involves the reviewing court's examination of various factors, such as: "(1) the remoteness of the witness' testimony from the crime with which the defendant is charged; (2) the likelihood of juror confusion whereby the defendant is subconsciously linked to the witness' assertion of the privilege; and (3) the cumulative nature of the evidence, if any, provided by the witness. [Citations omitted]" State v. Person, Conn. at 663. From the most recent examination of this very issue by our supreme court in Person, it appears that all of these different factors are involved in the determination of whether the evidentiary error requires a reversal of the defendant-appellant's conviction. Because Bryant, Person, State v. Reddick, 197 Conn. 115 (1985), and Namet make it clear that it is error for the trial court to present to the jury a witness' invocation of the fifth amendment privilege, which claim was properly preserved at trial and properly raised on appeal, the only question that remains to be answered is whether that error harmed the defendant-appellant in that it can be determined that it was more probable than not that it affected the jury's verdict.
An examination of the defendant-appellant's initial and reply briefs reveal a discussion of the factors set forth above that our appellate courts have determined are relevant in ruling on the question of reversible error. Yet this Court in its decision appears to have misinterpreted that discussion of these factors as constituting separate or different claims of error that he was raising. State v. Dennison, supra at 30. Those factors, the defendant-appellant contends, are merely components of the reviewing court's determination of whether or not the defendant-appellant was harmed by the evidentiary error committed as a result of the trial court's ruling; they are not separate claims. The defendant-appellant maintains that had this Court properly examined those relevant factors enunciated by our supreme court in State v. Person, supra, in the context of the facts of his case, it could have reached only one conclusion, that reversible error occurred.[2]
In the instant case, the witness, C., was with the victim at the time the alleged attempted robbery occurred. He was called as a witness by the defendant-appellant because he maintained that it was the alleged victim, and not the defendant-appellant, who had the gun and who was the perpetrator of the crime. Therefore, if the jury credited C's testimony, even to the extent of having a reasonable doubt, the defendant-appellant would have been acquitted of the charge CT Page 1512 in question since the only other testifying eyewitness was the victim. In light of the importance of C's role in exculpating the defendant-appellant from the crime that he was charged with, the improper impeachment of his testimony by enabling inferences to be drawn from his invocation of the fifth amendment privilege, distinguishes this case from the circumstances present in State v. Person, supra. Clearly here, C's testimony was not cumulative, nor was it remote from the crime that the defendant-appellant was charged with. Rather, he was able to provide the jury with an eyewitness account of the actual incident itself in a uniquely detached and neutral position as an acquaintance of the alleged victim's and not the defendant-appellant's. Since the only other version offered to the jury was that provided by the alleged victim's testimony, this case essentially presented only one question of fact for the jury to determine in light of the State's burden of proof, i.e., the credibility of the victim versus the credibility of the defendant-appellant's witness, C. In light of the unique circumstances of his case, the defendant-appellant maintains that the improper evidentiary ruling clearly had a prejudicial impact on the outcome of the trial. State v. Person, supra.
At the very least, the second theory for finding harmful error exists in this case. As a result of C's role in the incident, i.e, as the alleged victim's companion, and his ability to give an eyewitness account thereof, the improper impeachment of C by inferences from his refusal to answer "added critical weight to the prosecution's case in a form not subject to cross-examination, and thus unfairly prejudiced the defendant. [citations omitted]". State v. Person, Conn. at 661. Since C was the only other testifying eyewitness to the incident other than the alleged victim himself, negative inferences from the invocation of his fifth amendment privilege in order to impeach his credibility clearly would have had the resulting effect of corroborating the State's version of the crime.
In summation, the defendant-appellant maintains that he should be afforded the opportunity to reargue the principal claim of error that he has raised on appeal. He maintains that he has demonstrated both in his separately filed Motion To Correct and herein in this motion that the Court failed to both understand his claim and to apply the controlling principles of law as recently enunciated in State v. Person, Conn. To rule otherwise, this Court through its decision, will have denied him of his constitutional and statutory rights to effective and meaningful appellate review. Evitts v. Lucey, 496 U.S. 387
(1985); Griffin v. Illinois, 351 U.S. 12 (1956).
III. LEGAL GROUNDS RELIED UPON
The defendant-appellant relies on Practice Book 2000 and 4121 et seq. in bringing this motion for reargument.
Respectfully submitted, CT Page 1513 THE DEFENDANT-APPELLANT EDDIE DENNISON
 SUZANNE ZITSER Assistant Public Defender
 G. DOUGLAS NASH Public Defender Office of the Chief Public Defender
 121 Elm Street New Haven, Connecticut 06510 (203) 789-7477
 SUSAN M. COCOCCIA Assistant Public Defender office of the Public Defender P.O. Box 944 Litchfield, CT 06759 (203) 567-3101
His Attorneys