**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4873

DEMETRIUS MCLEAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-163)

Submitted: April 14, 1998

Decided: May 4, 1998

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory Bruce English, ENGLISH & SMITH, Alexandria, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Jeffrey L.
Berhold, Special Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Demetrius McLean was convicted by a jury of assault by striking, beating, or wounding in violation of 18 U.S.C. § 113(a)(4) (1994), assault on a correctional officer in violation of D.C. Code Ann. § 22-505(a) (Supp. 1997), and possession of a shank capable of causing death and bodily injury in violation of 18 U.S.C.A.§ 13 (West Supp. 1998), assimilating Va. Code Ann. § 53.1-203(4) (Michie 1994).* He was sentenced to imprisonment for a term of thirty-three months plus two years' supervised release to be served consecutively to the prison term McLean was serving at the time of the offense. McLean timely noted an appeal from the judgment of conviction.

McLean and inmate Nathan Cook got into a fistfight in the day room at the Lorton Reformatory. A guard testified that during the scuffle, he saw McLean pull a metal shank from his pants and stab Cook several times in the head, face, and back. Guards separated the two men and ordered McLean to drop the shank. McLean refused and threatened the guards that if they did not back off, he would "give [them] some of this." McLean also moved frantically between and toward the guards, jabbing the shank in their direction. The guards finally subdued McLean by throwing chairs at him and then spraying him with pepper spray, whereupon McLean dropped the shank and was restrained.

At trial, McLean's counsel called Cook to the stand, but asked him only two questions. Counsel first asked Cook whether he attacked McLean. Cook invoked his Fifth Amendment right against self incrimination. Counsel then asked whether Cook would answer any of his questions and Cook refused to respond. Counsel stated he had no other questions. Over the objection of McLean's counsel, the district court judge instructed the jury to disregard Cook's testimony.

_____

*McLean was charged by a superseding indictment with assault with intent to murder in violation of 18 U.S.C. § 113(a)(1); however, the jury convicted him of the lesser included offense of assault by striking, beating, or wounding.

2

McLean testified that Cook, who had a reputation as a bully, had threatened him days before the stabbing. McLean also testified that Cook had attacked him with the shank. McLean stated that during the struggle, he managed to get the shank away from Cook and then he used it in self-defense as Cook continued to attack him.

The jury convicted McLean. Before sentencing, McLean presented the court with a written statement accepting responsibility for his crimes. In the statement, McLean admitted stabbing Cook with the shank, although he maintained that he did so in self-defense. McLean also admitted that he refused to drop the shank when ordered to do so by the guards, but stated that he was worried that Cook's friends might attack him if he dropped the shank before there were enough guards in the day room to adequately protect him. Finally, he stated that he went to trial because he felt that he was not guilty of the charge of assault with the intent to commit murder.

Based on McLean's statement, the probation officer recommended that McLean receive a two-point reduction for acceptance of responsibility. The Government objected, and the district court chose not to award McLean the two-point reduction.

On appeal, McLean contends that the district court erred by instructing the jury to disregard the fact that Cook refused to testify. Because none of the officers actually witnessed the start of the fight between McLean and Cook, and because McLean's theory of defense was that he stabbed Cook in self-defense, McLean contends that Cook was the only person who could contradict McLean's version of events. Thus, McLean contends that it was significant that Cook refused to answer when asked whether he attacked McLean. McLean contends that under the unique circumstances in this case, the district court should not have instructed the jury to disregard Cook's invocation of his Fifth Amendment rights.

The trial court's evidentiary rulings are reviewed for an abuse of discretion. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). When a witness invokes his Fifth Amendment privilege not to testify and incriminate himself, a jury may not draw any inferences from that decision. See Johnson v. United States , 318 U.S. 189, 196-97 (1943); United States v. Nunez, 668 F.2d 1116, 1123 (10th Cir.

3

1981); United States v. Lacouture, 495 F.2d 1237, 1240 (5th Cir. 1974). However, the trial court must ensure that the witness's invocation of the privilege was legitimate and must determine the scope of the waiver. See Gaskins v. McKellar, 916 F.2d 941, 950 (4th Cir. 1990). The legitimacy and scope of the privilege may be determined by evaluating whether it is "evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, 341 U.S. 479, 486-87 (1951).

The district court did not specifically inquire into the legitimacy and scope of Cook's assertion of his Fifth Amendment privilege. However, Cook was a participant in the fight with McLean. Thus, it is evident from the implications of counsel's question that any information pertaining to the fight and any explanation for Cook's refusal to answer "might be dangerous because injurious disclosure could result." Id. Thus, we find that Cook's invocation of the Fifth Amendment was legitimate. Accordingly, because the jury is not entitled to draw any inferences from Cook's invocation of his Fifth Amendment rights, we find that the district court did not abuse its discretion by instructing the jury to disregard Cook's testimony. See id.

McLean also challenges the district court's decision not to award a two-point reduction in his offense level for acceptance of responsibility. The adjustment for acceptance of responsibility is not intended to apply to a defendant unless he "clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1(a) (1997). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. See United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989). Moreover, the adjustment for acceptance of responsibility is not intended to apply to a defendant who contests his factual guilt at trial. See USSG § 3E1.1, comment. (n.2); United States v. Muldoon, 931 F.2d 282, 289 (4th Cir. 1991) (noting that absent rare circumstances, USSG § 3E1.1 precludes a downward adjustment for acceptance of responsibility where a defendant exercises his constitutional right to a trial).

Whether the reduction is warranted "is primarily a factual question, [and] due deference for the sentencing court requires an appellate

4

court to accept its findings unless they are clearly erroneous." <u>United States v. Cusack</u>, 901 F.2d 29, 31 (4th Cir. 1990). The district court denied McLean's request on the grounds that he had not clearly accepted responsibility and that his purported acceptance occurred after trial and just prior to sentencing. Because timeliness of the admission of responsibility is a factor which the district court may consider, <u>United States v. Jones</u>, 31 F.3d 1304, 1315 (4th Cir. 1994), and because McLean did not unambiguously acknowledge his criminal conduct, <u>United States v. Castner</u>, 50 F.3d 1267, 1280 (4th Cir. 1995), the district court did not clearly err in denying him the adjustment.

Finally, McLean proposes that he should be awarded a one-point downward departure for "imperfect" acceptance of responsibility under USSG § 5K2.0. However, the district court identified no aggravating or mitigating circumstances warranting a departure from the sentence imposed. Furthermore, McLean never requested a departure under § 5K2.0 during sentencing. Accordingly, because we find no plain error in McLean's sentence, review of this issue is waived. <u>See United States v. Grubb</u>, 11 F.3d 426, 440 (4th Cir. 1993).

We affirm McLean's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5