[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11231
Non-Argument Calendar

_____

D. C. Docket No. 04-80123-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG TUSH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 30, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Craig Tush appeals his convictions and sentences for possession with intent to distribute: at least 50 grams of d-methamphetamine hydrochloride, in violation of 21 U.S.C. § 841(a)(1); 2,117 grams of hydrocodone, in violation of § 841(a)(1); 301.05 grams of 3,4 methylenedioxyamphetamine ("ecstacy"), in violation of § 841(a)(1); 4.594 grams of ecstacy, in violation of § 841(a)(1); at least 250 grams of marijuana, in violation of § 841(a)(1); 227.6 grams of ketamine hydrochloride ("ketamine"), in violation of § 841(a)(1); and 190 diazepam tablets, in violation of § 841(b)(2). On appeal, Tush argues that the district court erred in allowing the admission of his statements made to police shortly after his arrest and on the day following his arrest because the officers did not honor the exercise of his right to remain silent. The government responds that, by failing to file a motion to suppress, Tush has waived any challenge to the admission of this testimony. Tush also contends that the district court abused its discretion in denying his motion for a mistrial because the government erred in commenting on the exercise of his right to remain silent. Next, Tush asserts that, despite the invocation of a potential witness's Fifth Amendment privilege against self-incrimination, the district court erred in preventing him from calling this witness at trial because she may have changed her mind on the witness stand. Tush also argues that the district court abused its discretion in allowing testimony regarding the firearms found in

2

his apartment because he was not charged with any firearms offense, the firearms were not located near any drugs, and possession of firearms is legal in Florida. Finally, Tush contends that the district court erred in applying a two-level enhancement for possessing a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1) (2003).

### *Admission of Post-Arrest Statements*

A motion to suppress must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). Failure to bring a motion to suppress before trial, in the absence of good cause shown, constitutes waiver. Fed. R. Crim. P. 12(e); *see United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985) (explaining that "[o]nce a defendant has failed to make a proper pretrial request for suppression, the opportunity is waived unless the district court grants relief for good cause shown").

Although the record demonstrates that Tush objected to testimony at trial about statements he made to officers shortly after his arrest and on the following day, because he did not file a motion to suppress such statements before trial and has not asserted good cause for this failure, we conclude that he has waived the right to argue that his post-arrest statements were inadmissible. *See* Fed. R. Crim. P. 12(e); *Richardson*, 764 F.2d at 1527. Therefore, we do not address whether the district court erred in allowing the admission of these statements.

*Motion for Mistrial*

We review a district court's refusal to grant a mistrial based on a comment regarding a defendant's right to remain silent for abuse of discretion. *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999). "It is well established that a prosecutor cannot comment on a defendant's post-*Miranda* silence to impeach exculpatory testimony on the ground that the defendant did not explain his conduct at the time of his arrest." *United States v. Dodd*, 111 F.3d 867, 869 (11th Cir. 1997) (citing *Doyle v. Ohio*, 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976)). "A comment is deemed to be a reference to a defendant's silence if it was the prosecutor's manifest intention to refer to the defendant's silence or if it was of such a character that the jury would naturally and necessarily understand it to be a comment on a defendant's silence." *Id.* (internal quotations omitted). Determining whether a government's statement about a defendant's silence is harmless error "requires an examination of the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of [the] defendant's guilt." *United States v. Meneses-Davila*, 580 F.2d 888, 890 (5th Cir. 1978)[1]; *see also United States v. Miller*, 255 F.3d 1282, 1286 (11th Cir. 2001)

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(concluding that a prosecutor's commenting at trial about a defendant's post-arrest silence was harmless when the prosecutor did not focus on the officers' testimony, the defendant did not testify at trial, so "his defense involved no exculpatory story with which his post-*Miranda* silence was compared," and the evidence of his guilt was strong).

Here, the record demonstrates that the government did not have a "manifest intention" at trial to refer to Tush's silence after his arrest. *See Dodd*, 111 F.3d at 869. Furthermore, in light of the overwhelming evidence presented at trial of Tush's guilt, and the fact that Tush did not testify at trial, the district court did not abuse its discretion in denying a mistrial. *See Meneses-Davila*, 580 F.2d at 890.

***Request to Call Witness***

We review evidentiary rulings by the district court for an abuse of discretion. *United States v. Range*, 94 F.3d 614, 620 (11th Cir. 1996). "If it appears that a witness intends to claim the [Fifth Amendment] privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand." *United States v. Lacouture*, 495 F.2d 1237, 1240 (5th Cir. 1974). Furthermore, "[n]either side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him." *Id.* (citing *inter alia Namet v. United*

*States*, 373 U.S. 179, 186, 189, 83 S. Ct. 1151, 10 L. Ed. 2d 278 (1963)).

In this case, because the district court was fully aware that the individual whom Tush wanted to call as a witness would invoke her Fifth Amendment privilege to any question asked of her at Tush's trial, we conclude that the district court acted within its discretion in refusing to allow Tush to call this witness. *See Lacouture*, 495 F.2d at 1240.

### Firearms Testimony

As discussed, we review evidentiary rulings for an abuse of discretion. *See Range*, 94 F.3d at 620. Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. Excluding evidence pursuant to Rule 403 is an "extraordinary remedy which the district court should invoke sparingly," striking the balance in favor of admissibility. *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) (quotation omitted). Moreover, we consider the evidence in question in a light favorable to admission and minimize any undue prejudicial impact while maximizing its probative value. *Id.* In addition, we have explained that "substantial dealers in narcotics keep firearms on their premises as tools of the trade almost to the same extent as they keep scales, glassine bags,

6

cutting equipment, and other narcotic equipment." *United States v. Alvarez*, 755

F.2d 830, 849 (11th Cir. 1985) (quotation omitted).

Because Tush's firearms can be viewed as tools of his illegal narcotics

activity, we conclude that testimony about the firearms found in his apartment was

probative of his involvement in the charged narcotics offenses. *See Alvarez*, 755

F.2d at 849. Therefore, the district court did not abuse its discretion in allowing

testimony about Tush's firearms.

### *Enhancement for Firearm Possession*

We review the district court's application of the Sentencing Guidelines *de*

*novo*, while factual findings are reviewed for clear error. *United States v.*

*Crawford*, 407 F.3d 1174, 1177-78 (11th Cir. 2005). Section 2D1.1(b)(1) provides

that for a defendant whose base offense level was calculated under that section, a

two-level enhancement applies if a "dangerous weapon (including a firearm) was

possessed . . . ." U.S.S.G. § 2D1.1(b)(1) (2003). The commentary to § 2D1.1

explains:

> The enhancement for weapon possession reflects the increased danger
> of violence when drug traffickers possess weapons. The adjustment
> should be applied if the weapon was present, unless it is clearly
> improbable that the weapon was connected with the offense. For
> example, the enhancement would not be applied if the defendant,
> arrested at his residence, had an unloaded hunting rifle in the closet.

*Id.* at cmt. n. 3. Moreover, the decision of whether to impose a § 2D1.1(b)(1)

enhancement involves a two-stage determination:

> The government has the burden under § 2D1.1 to demonstrate the proximity of the firearm to the site of the charged offense by a preponderance of the evidence. If the government is successful, the evidentiary burden shifts to the defendant to demonstrate that a connection between the weapon and the offense was clearly improbable.

*United States v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001) (internal quotations and citations omitted). In *United States v. Hall*, 46 F.3d 62, 63-64 (11th Cir. 1995), we concluded that, when sentencing a defendant for marijuana importation, the district court did not err in applying the § 2D1.1(b)(1) enhancement where a handgun was found in the defendant's bedroom dresser, and other "drug-related objects," such as scales, plastic bags containing cocaine residue, and a large amount of cash, were also found in the bedroom. Because conversations concerning the defendant's marijuana importation had occurred in his residence, the district court properly applied the enhancement for possession of a dangerous weapon. *Id.* at 64.

Tush has not pointed to any evidence suggesting that a connection between the firearms found in his bedroom closet and his narcotics offenses was clearly improbable. To the contrary, because he received the delivery of ketamine at his apartment and stored other narcotics, digital scales, and plastic bags there, it is not "clearly improbable" that there was a connection between his handguns and

8

ammunition and his narcotics offenses.  *See* U.S.S.G. § 2D1.1 cmt. n. 3; *Hall*, 46 F.3d at 63-64.  Therefore, the district court did not err in enhancing Tush's sentence for possession of a dangerous weapon.

## *Conclusion*

For the foregoing reasons, we affirm Tush's convictions and sentences.

**AFFIRMED.**