**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 92-5582
Summary Calendar
_____

United States of America,

Plaintiff-Appellee.

VERSUS

Enrique L. Orozco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____
(January 21, 1993)

Before JONES, DUHÉ, and BARKSDALE, Circuit Judges

DUHÉ, Circuit Judge:

Defendant-Appellant Enrique Orozco (Orozco) appeals from drug and firearm convictions. He contends that the district court erred in denying his motions to suppress and to compel the Government to disclose the identity of an informant. He also contends that the court erred in denying his counsel access to the contents of an <u>in camera</u> hearing on disclosure of the informant. We find appellant's contentions without merit, and accordingly affirm his conviction.

## Background

On February 25, 1991, two San Antonio police officers confronted Orozco in a shopping center parking lot and arrested him without a warrant. Just prior to the arrest, one of the officers, Detective Casias, observed Orozco engage in three apparent sales of

heroin packaged in balloons. Casias had been alerted by another officer that a Latin male on a bicycle, fitting Orozco's description, was apparently selling narcotics in the vicinity. Casias spotted Orozco, called to confirm his description, and followed Orozco into a parking lot. Orozco approached a black male who, after a brief conversation, handed money to Orozco. In return, Orozco gave him a small object which he removed from his mouth.[1] Orozco then rode to another parking lot where he approached a red pick up truck. The driver passed something to Orozco. Casias could not see what the truck driver gave to Orozco, but he did see Orozco take a small object from his mouth and hand it to the driver. Another subject approached the truck, and a similar transaction took place between Orozco and that subject.

Detective Casias called for assistance, and Orozco was apprehended shortly thereafter. A small heroin-filled balloon fell from Orozco's mouth as he was taken into custody, and another was found at his feet. Additionally, the officers removed a loaded .22 caliber revolver from Orozco's waistband and $519 from his pants pocket. Orozco filed a motion to suppress the evidence obtained from this warrantless search contending that the officers did not have probable cause to search him. During a pretrial hearing, the court denied Orozco's motion.

---

[1] Casias, who had witnessed or participated in thirty to forty heroin transactions, knew that street dealers often stored heroin-filled balloons in their mouths to allow for easy swallowing if the police were to arrive.

In March 1991, while out on bond from his February 25th arrest, Orozco made a street sale of heroin to undercover detective Saucedo. Saucedo did not arrest Orozco after the transaction, but identified him from a police photograph six days later. At trial, Saucedo testified without objection that he had identified Orozco from a photographic line-up. During cross-examination, he disclosed for the first time that he had been accompanied by an informant during the drug buy. After the prosecution rested, the defense moved for disclosure of the informant's identity on the ground that he might be able to testify that Orozco was not the person who sold the drugs. After an in camera hearing which excluded Orozco, defense counsel and the prosecutor, the court denied the motion. A jury found Orozco guilty on all counts. Orozco appeals.

## Discussion

### I. Probable Cause

Orozco contends that the district court erred in finding that Detective Casias had probable cause to arrest Orozco. During the warrantless arrest, the officers seized a gun, heroin, and money. Orozco argues that the officers may have had reasonable suspicion of criminal activity when they approached him, but exceeded the permissible scope of an investigative stop by seizing him. Therefore, he argues, the evidence seized should have been excluded. We disagree.

The existence of probable cause is a question of law and greatly dependent upon the factual findings. United States v.

3

<u>Hernandez</u>, 825 F.2d 846, 849 (5th Cir. 1987), <u>cert. denied</u>, 484 U.S. 1068 (1988).  Probable cause to arrest "exists when the facts and circumstances within the knowledge of the arresting officers are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed."  <u>United States v. Rocha</u>, 916 F.2d 219, 238 (5th Cir. 1990), <u>cert. denied</u>, ---U.S.--- , 111 S.Ct. 2057 (1991) (citations omitted).  The ultimate issue is one of law, but the underlying factual findings from which a district court deduces probable cause are reviewed only for clear error.  <u>Hernandez</u>, 825 F.2d at 849.

Detective Casias is a veteran police officer knowledgeable about the sale of heroin on the street.  Only minutes after he was informed that a Latin cyclist was in the vicinity selling drugs, Orozco, matching the description exactly, pedaled past the officer. Within a period of fifteen to twenty minutes, Detective Casias witnessed Orozco make three apparent sales of heroin.  The distinctive nature of the transaction, concealing the heroin in a balloon in the mouth, makes it easily recognizable to a veteran police officer.  Finally, the location of the arrest was well known as an area where drug activity was common.  Given all of these factors, we conclude, as did the district court, that the facts and circumstances were sufficient to warrant a person of reasonable caution to believe that an offense was being committed.[2]

_____

[2] Much is made over whether Detective Casias saw an orange balloon fall out of Orozco's mouth before or after he made physical contact with Orozco, and whether the court's finding that the balloon fell out <u>before</u> physical contact is erroneous.  Because we have determined that probable cause existed prior to the time

4

II. Disclosure of Informant's Identity

Orozco argues that the district court erred in denying his motion to compel the Government to disclose the identity of the confidential informant who was an eyewitness to the sale of heroin to Detective Saucedo. He contends that the failure to order disclosure deprived him of the opportunity to properly prepare and present his defense of misidentification. We reject this contention.

The Supreme Court, in Roviaro v. United States,[3] examined the disclosure issue. It held that the court must balance the benefits of disclosure and production of the informant to the Defendant against the resulting harm to the State. Id. at 62. In numerous cases applying Roviaro, this Court has established a three part test to determine whether disclosure is mandated. United States v. De Los Santos, 810 F.2d 1326, 1331 (5th Cir. 1987), cert denied, 484 U.S. 978 (1987) (citations omitted). First, we evaluate the level of the informant's participation in the alleged criminal activity. Next, we consider the helpfulness of disclosure to any asserted defense. Finally, we consider the government's interest in nondisclosure. Id. We review the district court's action for abuse of discretion. United States v. Vizcarra-Porras, 889 F.2d 1435, 1438 (5th Cir. 1989), cert. denied, 495 U.S. 940 (1990).

---

Detective Casias stopped to arrest Orozco, the finding challenged by Orozco is irrelevant.

[3] 353 U.S. 53 (1957).

5

The court may conduct an <u>in camera</u> hearing when necessary to balance the conflicting interests involved. <u>United States v. Freund</u>, 525 F.2d 873, 877 (5th Cir.), <u>cert. denied</u>, 426 U.S. 923 (1976). This limited disclosure of identity to the trial judge protects the government's interest in maintaining anonymity while also insuring the defendant's interest in having access to any witness who possesses facts which would aid him in his defense. <u>Id.</u>

After properly conducting such an <u>in camera</u> hearing, the district court found that

> based upon what the witness had testified, that the informant in this case was not a participant in the drug transaction, that he played a very minor role, that he might not have observed the actual transaction take place. There's no information to indicate that he would not identify the accused on trial and that there is a real danger to this informant, and that even if his identity . . . were to be made known at this late date, the officer does not know his whereabouts and there could be a problem in trying to track this person down. Weighing all those factors along with the value and need that the defense might have, the court thinks that the identity of the informant is not crucial to the defense, that he was not a participant in a drug transaction. He would in all likelihood not give any testimony that would be in any way favorable to the defense, and for his own safety the court will deny the defense request that his identity be made known to the defense.

In reviewing the testimony of the <u>in camera</u> hearing and the other relevant evidence, we conclude that the district court did not abuse its discretion in refusing to compel disclosure of the informant's identity.

If the informant's participation is minimal, the <u>Roviaro</u> balance favors nondisclosure. <u>De Los Santos</u>, 810 F.2d at 1331. "Even though an informant is present during a critical transaction,

6

the fact that he does not actively participate favors nondisclosure." United States v. Gonzales, 606 F.2d 70, 75 (5th Cir. 1979)(citations omitted). In this instance, the informant played a very minor role in the transaction, did not participate in the transaction, and may not have even observed the transaction. Based on this evidence, this factor weighs in favor of nondisclosure. See United States v. Diaz, 655 F.2d 580, 588 (5th Cir. 1981), cert. denied 455 U.S. 910 (1982).

The second factor is the relationship between the defendant's asserted defense and the probable testimony of the informant. Gonzales, 606 F.2d at 75 (citations omitted). The defendant must make a sufficient showing that the testimony would significantly aid the defendant in establishing an asserted defense. Diaz, 655 F.2d at 588. "[M]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." Gonzales, 606 F.2d at 75. In the instant case, the defendant has failed to meet this test. He speculates that the informer's testimony might contradict that of the officer, but provides no evidence to support this claim. Appellant's counsel said nothing about mistaken identity in his opening statement. Orozco did not testify or offer any other evidence to corroborate his misidentification defense. Nor did defense counsel question the detective about his identification of Orozco from a police photograph just six days after the transaction took place. In light of these facts, it is difficult "to avoid the conclusion, that counsel preferred, as a tactical choice, to denounce [the

7

informant's] absence [rather] than to secure [the informant's] presence." United States v. Webster, 606 F.2d 581, 585 (5th Cir. 1979), rev'd on other grounds, 649 F.2d 346, 351 n.11 (5th Cir. 1981).

Finally, we examine the government's interest in nondisclosure. The government's interest relates to both the safety of the informant and the informant's future usefulness to the authorities as a continuing confidential source. United States v. Ayala, 643 F.2d 244, 247 (5th Cir. 1981). Although the future usefulness of this informant was not discussed, the findings of the court clearly indicate that revealing the identity of the informant would place him in real danger.

In sum, we conclude that the interests weigh in favor of nondisclosure. Therefore, we hold that the district court did not abuse its discretion in withholding the identity of the informant.

III. Right to Effective Assistance of Appellate Counsel

Pending this appeal, Orozco moved the district court to unseal the videotape of the in camera interview with Detective Saucedo. Appellant alternatively requested that counsel be permitted to view the tape under a protective order without him present. The district court denied both requests. Orozco argues that this deprived him of his rights to effective assistance of counsel and due process of law. We find this argument meritless.

The district court may employ procedures necessary to protect the competing interests of the parties. In determining the proper balance of these interests, the trial judge, in the exercise of his

8

discretion, determines the appropriate procedures.  United States v. De Los Santos, 819 F.2d 94, 97 (5th Cir. 1987).  The use of the in camera hearing has been cited approvingly many times by this Court.  See, e.g., De Los Santos, 810 F.2d at 1329, 1333-1334; United States v. Fischer, 531 F.2d 783, 787-88 (5th. Cir. 1976); United States v. Doe, 525 F.2d 878, 880 (5th Cir.), cert. denied, 425 U.S. 976 (1976).

In this case, the court determined that disclosure of the information gained during the in camera hearing would pose a real danger to the informant if revealed.  To unseal the record of the interview now would "defeat the very purpose of the in camera procedure."  United States v. Singh, 922 F. 2d 1169, 1172 n.2 (5th Cir.), cert. denied, ----U.S. ---, 111 S.Ct. 2066 (1991).

Additionally, in De Los Santos, this Court held that "the defendant's sixth amendment right to assistance of counsel . . . is not violated by an in camera proceeding used to determine whether the disclosure of an informant's identity would benefit the defense and therefore should be revealed."  De Los Santos, 810 F.2d at 1335 (citations omitted).  Likewise, appellate counsel is not rendered ineffective because she has not reviewed that which trial counsel did not participate in.  As in all other cases involving a sealed record, this Court will review the assignment of error after considering the sealed portion of the record.  See, e.g., Singh, 922 F.2d at 1172.  Therefore, we refuse to disturb the sealed portion of this record, and affirm the rulings of the district court.

For the foregoing reasons, the judgment of the district court is

9

AFFIRMED.