**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 92-8179

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SKIRVIN GEORGE JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(Opinion February 28,  5th Cir., 1994 _____F3d_____)

(March 23, 1994)

Petition for Rehearing

Before POLITZ, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit
Judges.

POLITZ, Chief Judge:

The petition for rehearing is granted to the extent set forth
herein; otherwise same is denied, and the opinion of this court is
reaffirmed.

The government appropriately requests a clarification and
correction of our opinion with regard to the reference to remand

for a new trial.  We do not order a new trial; the sole reference to such in the opening paragraph of our opinion was inadvertent and is recalled.  On remand the district court is first to review the record and identify any evidence obtained after the illegal seizure of Phoenix-related documents from Johnson's briefcase which may be deemed fruit of the poisonous tree.  Any evidence so identified is to be disregarded when the district court then evaluates the remainder to determine whether the record contains sufficient evidence to support Johnson's convictions.

Our colleague in his partial dissent and the government in its petition for rehearing misread our conclusion and holding about the contents of the briefcase.  Both suggest that we have viewed the findings of fact by the trial judge in an inappropriate manner.  We have not done so.  We have accepted the findings of fact.  We review the district court's conclusions of law *de novo*, however.

For searches which are incident to arrest we review *de novo* the application of the proper legal standard to the established facts.[1]  We view the articulation and definition of the "area within immediate control" as a question of law, obviously dependent on material factual findings, much like the legal determination of probable cause.[2]  Applying the proper legal standard to the

---

[1] **United States v. Turner**, 926 F.2d 883 (9th Cir.), <u>cert</u>. <u>denied</u>, 112 S.Ct. 103 (1991).

[2] <u>See</u>, <u>e.g.</u>, **United States v. Orozco**, 982 F.2d 152 (5th Cir.), <u>cert</u>. <u>denied</u>, 113 S.Ct. 2430 (1993) (the ultimate determination of probable cause is a question of law).

accepted findings of fact,[3] we conclude that under the facts as developed in this particular case the trial court erred in its legal conclusion that the briefcase was within Johnson's area of immediate control at the time it was searched. It was not.

Except as herein in part granted, the application for rehearing is denied, the opinion is reaffirmed, the convictions are VACATED, and the matter is REMANDED for further proceedings consistent herewith.

---

[3]Much has been made of the district court's purported factual findings on the pretrial motion to suppress. A close look at the record is compelled. The district court then stated:

> After reviewing the record evidence, the Court specifically finds from the credible evidence that Phoenix police officer Sterrett executed an Arizona arrest warrant on the defendant at defendant's workplace with the City of Austin. According to officer Sterrett, defendant's open briefcase was on one of the chairs approximately six to **eight feet** from defendant's desk where defendant was sitting. The defendant indicated that the briefcase was five to six feet away. The officer could see a checkbook inside the briefcase when he entered the office.
>
> During the arrest, defendant Johnson got out of his chair two or three times, and the officer repeatedly told Johnson to sit down. The officer did indicate that it was a passive situation. He also testified that he cursorily searched the briefcase to make sure that it contained no gun. He also searched areas **in defendant's immediate vicinity** at defendant's workstation in his ten foot by 12 foot office. [Emphasis added.]

The district court appears to have distinguished areas within Johnson's immediate vicinity from the area around his briefcase. In our opinion, we concluded that the evidence seized from Johnson's workstation/desk was admissible. That seized from his briefcase was not. We reiterate those conclusions.

-3-

EMILIO M. GARZA, Circuit Judge, concurring in part and dissenting in part:

For the reasons set forth previously, I continue to dissent in part.

Furthermore, I do not share the majority's view that the central issue in this case))i.e., whether the briefcase was within Johnson's "area of immediate control"[4]))is a question of law to be reviewed de novo. The majority's analogy to the standard this Court has adopted for reviewing probable cause determinations is not persuasive authority. Unlike issues of probable cause, the issue of whether an object is within a defendant's area of immediate control does not require us to consider abstract legal doctrines, to weigh underlying policy considerations, or to balance competing legal interests. Consequently, the issue of immediate control is essentially a question of fact, which should be reviewed under a clearly erroneous standard.[5] *See* Fed. R. Civ. P. 52(a).

This Court has not definitively stated what standard of review applies when reviewing a *Chimel* determination of immediate control.

---

[4] *See Chimel v. California,* 89 S. Ct. 2034 (1969).

[5] That the issue of immediate control may be considered an ultimate question of fact, dependent upon certain subsidiary facts, does not mean that Rule 52(a) no longer applies. *See Pullman-Standard v. Swint,* 102 S. Ct. 1781, 1789 (1982) (holding that ultimate findings of fact are reviewed for clear error). To the extent that the issue of immediate control may be considered a mixed question of law and fact))i.e., because it involves an application of the *Chimel* rule to the established facts))the general rule in this Circuit is that such questions are freely reviewable. *See, e.g., Barrientos v. United States,* 668 F.2d 838, 841 (5th Cir. 1982). *However,* we have recognized that to the extent such questions are predominantly factual, they are reviewable for clear error. *See, e.g., Connally v. Transcon Lines,* 583 F.2d 199, 202 (5th Cir. 1978); *Backar v. Western States Prod. Co.,* 547 F.2d 876, 884 (5th Cir. 1977).

The Seventh and Eighth Circuits review such determinations for clear error. *See United States v. Morales,* 923 F.2d 621, 627 (8th Cir. 1991) ("We conclude that the finding of the magistrate adopted by the district court that the bags were within Morales' area of immediate control is not clearly erroneous."); *United States v. Bennett,* 908 F.2d 189, 193 (7th Cir. 1990) ("We find that although the defendants were handcuffed and placed against the wall of the room at the time of the search, the facts of this case are such that the district court's finding that the search was limited to the area within their immediate control is not clearly erroneous."). The Ninth Circuit reviews *Chimel* determinations of immediate control de novo. *See United States v. McConney,* 728 F.2d 1195, 1206-07 (9th Cir. 1984) (en banc).

For the foregoing reasons, I would review for clear error the district court's determination that Johnson's briefcase was within his area of immediate control.