The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Eric JAMES, and City and County
of Denver, Intervenor.

No. 99CA0568.

Colorado Court of Appeals,
Div. A.

Feb. 17, 2000.

Certiorari Denied Aug. 7, 2000.*

Ken Salazar, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Jessica Lynn West, Denver, Colorado, for Defendant–Appellant.

Daniel E. Muse, City Attorney, Efrain M. Padro, Assistant City Attorney, Denver, Colorado, for Intervenor.

Opinion by Judge MARQUEZ.

Defendant, Eric James, has filed a motion for reconsideration of the trial court's denial of access to "gang files" that were sealed for appellate review, and the City and County of Denver (City) has moved to intervene. The motion to intervene is granted for the limited purpose of addressing the issue of access to the sealed record. The motion for access to the sealed record is denied.

Defendant was charged with twenty-seven felonies including violation of the Colorado Organized Crime Control Act. Section 18–17–101, et seq., C.R.S.1999. That charge alleged that defendant was a member of the Bloods gang and as such had participated in a pattern of racketeering.

In preparing his defense, defendant subpoenaed Denver Police Department gang files for those individuals listed as members of the Bloods. The City moved to quash the subpoena. The district court reviewed the gang files and determined to quash the subpoena by application of the Public Records Act, §§ 24–72–204(2)(a)(I) and 24–72–305, C.R.S., 1999, and *Martinelli v. District Court,* 199 Colo. 163, 612 P.2d 1083 (1980). It denied defendant access to the files and sealed them for appellate review.

* Justice COATS does not participate.

After he was convicted on most of the charges, defendant filed this direct appeal. In the process of the appeal, he has sought access to the sealed gang files. This court notified the City of the motion and directed that the parties brief the issue. The City has moved to intervene and has filed a brief opposing the motion for access. We conclude that intervention is warranted for purposes of addressing the propriety of access to the files at issue.

Defendant contends that he has a constitutional right to the sealed material. He argues that: (1) he has a right to effective assistance of counsel in investigating his defense; (2) the People have an obligation to disclose such evidence pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (3) his request is different from a request for privileged records of a witness.

 The City argues that because the trial court has already determined that the materials are not discoverable, the appropriate appellate procedure is for the appellate court to deny access to defendant's counsel and to conduct an in-camera review of the files. We agree.

The district court's ruling in denying the defense access to the subpoenaed gang files is reviewed for an abuse of discretion. *People v. Frost,* 5 P.3d 317 (Colo.App.1999) (appellate court reviewed the sealed record without granting access to the parties).

Here, the subpoenaed records were and still are subject to a statutory confidentiality exception to the Public Records Act, §§ 24–72–204(2)(a)(I) and 24–72–305(5), C.R.S.1999. The prosecution has no greater knowledge of the contents of the files than does defense counsel. *See People v. Frost, supra; People v. Webb,* 6 Cal.4th 494, 24 Cal.Rptr.2d 779, 862 P.2d 779 (1994); *People v. Bean,* 137 Ill.2d 65, 147 Ill.Dec. 891, 560 N.E.2d 258 (1990). The propriety of the district court's ruling can be ensured by appellate court review of the sealed record without sacrificing the interest in nondisclosure or denying

effective assistance of counsel to appellant. *See People v. Frost, supra; United States v. Orozco,* 982 F.2d 152 (5th Cir.1993); *People v. Bean, supra.*

We deny defendant's motion for reconsideration of the denial of access to the sealed record. The sealed record shall be made available for review by the division assigned to decide the appeal, and that division may decide whether to make the sealed record available to the parties.

Judge PLANK and Judge ROTHENBERG concur.