IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10888
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY LYONS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CR-74-1
---------------------
March 23, 2001

Before HIGGINBOTHAM, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Bobby Lyons (Lyons) was convicted of possession with intent to distribute more than 50 grams of cocaine base and possession of marijuana. In this direct appeal, he challenges only his conviction for possession with intent to distribute cocaine base. Specifically, Lyons challenges the denial of his motion for disclosure of the confidential informant's identity. Lyons also argues that the district court erred in failing to balance the

_____

[1] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

competing interests outlined by this court to determine whether the informant's identity should have been revealed.

A court's refusal to require the disclosure of an informant's identity is reviewed for abuse of discretion while any factual findings upon which the court relies for its decision are reviewed under a clearly erroneous standard. United States v. Vizcarra-Porras, 889 F.2d 1435, 1438 (5th Cir. 1989). To determine whether disclosing an informant's identity is mandated, a court should (1) "evaluate the level of the informant's participation in the alleged criminal activity"; (2) "consider the helpfulness of disclosure to any asserted defense"; and (3) "consider the government's interest in nondisclosure." United States v. Orozco, 982 F.2d 152, 154-55 (5th Cir. 1993).

If an informant did not participate in the alleged criminal activity, but instead acted only as a tipster, there is a strong presumption against forced disclosure of the informant's identity. United States v. Cooper, 949 F.2d 737, 749 (5th Cir. 1991). As the informant in this case was a mere tipster, the first element of the Orozco test weighs heavily in favor of not revealing the informant's identity.

As to the second factor, Lyons only speculated that the testimony of the informant would aid his defense. "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." Orozco, 982 F.2d at 155. Lyons argues on appeal that the informant's identity

2

should have been revealed so he could impeach the testimony of Officer Wilson. As this argument was not presented to the district court, it is reviewed for plain error. See United States v. Cartwright, 6 F.3d 294, 300 (5th Cir. 1993). Lyons speculates that the testimony of the informer would have contradicted that of Wilson, but he offers no evidence to support this claim. See Orozco, 982 F.2d at 155. Accordingly, the second factor weighs against disclosure.

As Lyons failed to provide evidence supporting the first two prongs of the Orozco test, we need not consider the strength of the Government's interest in preserving the confidentiality of the informant's identity. United States v. Cooper, 949 F.2d 737, 749-50 (5th Cir. 1991).

Finally, when, as in this case, it is clear that the defendant fails to make a compelling case for disclosure of the informant's identity, and the district court's ruling is supported by the record, specific findings concerning the balancing test is unnecessary. See United States v. Hansen, 569 F.2d 406, 411 (5th Cir. 1978).

AFFIRMED.