United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30764
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN RICHARDSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CR-235-ALL-N
--------------------

Before DEMOSS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Allen Richardson appeals his jury conviction of knowingly possessing with intent to distribute 50 grams or more of crack cocaine. Richardson argues that his federal prosecution violated the double-jeopardy bar against multiple prosecutions because the state prosecution against him was a sham.

Double-jeopardy protection did not attach because no jury was empaneled in the state-court proceedings. See United States v. Juarez-Fierro, 935 F.2d 672, 675 (5th Cir. 1991). Moreover,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Richardson did not show that his case fell within the "sham prosecution" exception to the "dual sovereignty" rule because he did not bear his burden of proving that the state prosecution was merely the tool of the federal Government. See United States v. Logan, 949 F.2d 1370, 1379 n.16 (5th Cir. 1991).

Richardson also argues that the district court erred in ruling that the identities of the confidential informants (CIs) need not be revealed. The first step of our three-step test weighs in favor of nondisclosure because the CIs' involvement in the transaction was minimal. See United States v. Orozco, 982 F.2d 152, 154-55 (5th Cir. 1993). The second step also weighs in favor of nondisclosure because Richardson did not show that the CIs' information would significantly aid him in establishing an asserted defense. See id. at 155. Because two prongs of this circuit's test support the district court's determination that disclosure was not warranted, the district court did not abuse its discretion. See United States v. Cooper, 949 F.2d 737, 749-50 (5th Cir. 1991).

Richardson also argues that the district court abused its discretion in admitting the CIs' hearsay testimony because the crucial issue at trial was whether Richardson intended to possess crack cocaine. Arguably, the testimony in question points directly at Richardson's guilt in the crime and therefore is inadmissible hearsay. See United States v. Evans, 950 F.2d 187, 191 (5th Cir. 1991). However, reversal is not appropriate

because the inadmissible evidence did not have a substantial impact on the jury's verdict, given the evidence before the jury and the court's instruction to the jury regarding the hearsay statement. Id.

Richardson also argues that the Government's expert witness's testimony that the amount of cocaine discovered in his car was consistent only with an intent to distribute was inadmissible and an impermissible use of profile evidence. The expert witness's testimony is accurately characterized "as an analysis of the evidence in the light of his special knowledge as an expert in the area of narcotics trafficking," and the district court did not abuse its discretion in admitting his testimony. See United States v. Speer, 30 F.3d 605, 610 (5th Cir. 1994).

Nor was the witness's testimony an impermissible use of "profile" evidence because the witness merely explained the meaning of the physical evidence and did not address the issue of identity. See id. at 610 n.3.

Richardson further contends that that witness's credentials did not qualify him as an expert. The witness had over 27 years of experience as a federal agent and had been involved in approximately 1000 narcotics investigations, which made him familiar with the conduct and methods of operation unique to the drug-distribution business. The Government properly qualified the witness as an expert by questioning him and eliciting

responses as to his experience and qualifications. See United States v. Buchanan, 70 F.3d 818, 832 n.17 (5th Cir. 1996).

Richardson also argues that his right to compulsory process was denied because of his inability to call the cocaine broker as a witness because she invoked her right against self-incrimination. The record reflects that the broker was available as a witness but that Richardson chose not to put her on the stand in front of the jury because she had been told by her counsel to invoke her Fifth Amendment privilege in response to any questioning by the Government. Thus, Richardson's compulsory process rights were not violated, and Richardson's argument fails. See United States v. Griffin, 66 F.3d 68, 70 (5th Cir. 1995).

Richardson also argues that the district court erred in denying his mistrial motion made after the Government referred to Richardson as a "drug dealer" during closing arguments because there was no evidence that Richardson ever had sold drugs and was not accused of distribution. The prosecutor's remark was not improper because evidence was admitted at trial from which the prosecutor could fairly draw the inference that Richardson was a drug dealer, and the district court did not abuse its discretion in denying Richardson's mistrial motion. See United States v. Martinez, 616 F.2d 185, 187 (5th Cir. 1980)(per curiam).

Richardson also argues that the district court erred in instructing the jury that the Government only had to prove that

Richardson specifically intended to possess a controlled substance and not specifically crack cocaine. Richardson's argument fails because the district court's instruction explaining that the jury need only find that Richardson possessed a controlled substance correctly stated the law. See United States v. Cartwright, 6 F.3d 294, 303 (5th Cir. 1993).

Richardson also argues that the district court should have given an entrapment instruction because the Government had no proof of Richardson's criminal disposition. Richardson does not argue that the Government induced him to commit the crime, and the district court did not abuse its discretion in refusing to give the requested instruction because there was not sufficient evidence reasonably to find in favor of the defendant thereon. See United States v. Barnett, 197 F.3d 138, 142 (5th Cir. 1999).

Richardson also argues that the evidence was insufficient as a matter of law to prove beyond a reasonable doubt that he specifically intended to possess cocaine base. The record reveals that the CIs tipped the Drug Enforcement Administration task force that a black male driving a black Maxima with a certain license plate would arrive at the Park Royal apartments to pick up cocaine. An agent observed Richardson, who was driving the car in question, arrive at the apartments, get out of his car empty-handed, go into the apartment complex, and return carrying a bag. When marked police cars tried to pull Richardson over, Richardson fled, first in his car and then on foot. The

officers found $4,861 in cash, with $4,000 bundled into $1,000 bundles, and 123 grams of crack cocaine.

The Government's expert witness explained that possessing 123 grams of cocaine base was consistent with distribution purposes and that the existence of four $1,000 bundles was consistent with the sale of cocaine base for a price within the market price range at the time Richardson was arrested. No paraphernalia, such as crack pipes, were found to suggest that he possessed the cocaine for his own use. Thus, considering all of the evidence in the light most favorable to the Government, including all reasonable inferences that can be drawn from the evidence, a reasonable trier of fact could have found that the evidence established all three elements of the crime beyond a reasonable doubt. See United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994).

All of Richardson's arguments on appeal lack merit. Consequently, Richardson's argument that cumulative error requires a remand fails. The district court's judgment is AFFIRMED.