United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50124
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS FRANKLIN WELLING,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-49-4
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thomas Franklin Welling was convicted of conspiracy to manufacture and possession with intent to distribute methamphetamine, and manufacturing and possessing in excess of 50 marijuana plants. Welling appeals the district court's denial of motion for disclosure of the identity of a confidential informant (CI).

Welling argues that he needed the identity of the CI to prove to the jury that the informant was biased and lied for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

financial gain and that disclosure of the information the informer gave to the Government could have been used to demonstrate inconsistencies in the testimony of other witnesses.

A court's refusal to require the disclosure of a CI's identity is reviewed for abuse of discretion, while any factual findings upon which the court relies for its decision are reviewed under a clearly erroneous standard. United States v. Vizcarra-Porras, 889 F.2d 1435, 1438 (5th Cir. 1989).

We use a three-part test to determine when disclosing an informant's identity is mandated. We evaluate the level of the informant's participation in the alleged criminal activity; consider the helpfulness of disclosure to any asserted defense; and consider the Government's interest in nondisclosure. See Roviaro v. United States, 353 U.S. 53, 59 (1957); United States v. Orozco, 982 F.2d 152, 154-55 (5th Cir. 1993).

There is no indication that the CI in the instant case did anything but tip police officers to the possibility of their finding criminal activity at Welling's residence. See Orozco, 982 F.2d at 155. Nor does Welling argue that the CI would provide "testimony [that] would significantly aid the defendant in establishing an asserted defense." Id. "[M]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." Id. (internal quotation marks and citation omitted). Because two prongs of this circuit's test support the district court's determination

that the identity of the CI did not need to be revealed, the district court's decision should be affirmed. United States v. Cooper, 949 F.2d 737, 749-50 (5th Cir. 1991).

AFFIRMED.