United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40744
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES WILLIE EDWARDS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-36-TH-ALL
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

James Willie Edwards (Edwards) appeals his guilty plea conviction and sentence for possession with intent to distribute five grams or more but less than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1).

Edwards contends that his rights under the Confrontation Clause were violated at the suppression hearing when Detective Harry Kelley (Detective Kelley) was allowed to proffer ex-parte testimony on behalf of the confidential informant (CI). Although

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the CI's testimony was the sole basis for obtaining the search warrant for Edwards's residence, Edwards was unable to cross-examine the CI because the Government failed to produce the CI at the suppression hearing or otherwise disclose his or her identity.

The government is not required to disclose the identity of an informant unless the informant's identity is relevant and helpful to the defense of the accused or is essential to a fair determination of a cause. Roviaro v. United States, 353 U.S. 53, 59-63 (1957). "[T]he government's privilege of nondisclosure overrides any [S]ixth [A]mendment right to the identity of an informant for purposes of confrontation." United States v. De Los Santos, 810 F.2d 1326, 1334 (5th Cir. 1987). Although Edwards does not directly challenge the district court's denial of his motion to disclose the CI's identity, his Confrontation Clause claim necessarily implicates the issue of whether the CI's identity should have been disclosed. See id. at 1332 n.5.

The district court did not abuse its discretion when it denied Edwards's motion to disclose the CI's identity. See United States v. Orozco, 982 F.2d 152, 154-155 (5th Cir. 1993). Edwards was not charged with the sale of crack cocaine to the CI. Although this information was used to obtain the search warrant, the CI did not actively participate in the search and, thus, was not a witness to charged offense. Further, Edwards has failed to establish that the CI's testimony would significantly aid in his defense. Although he argues that cross-examination was necessary to test the validity

and veracity of the CI's testimony and thereby challenge the probable cause determination, Edwards was able to question Detective Kelley regarding the CI's reliability and present three witnesses directly contradicting the CI's testimony. Finally, the CI was still being utilized and the disclosure of his or her identity would have jeopardized the CI's safety and usefulness. Therefore, the Government's privilege of nondiclosure overrides Edwards's rights under the Confrontation Clause. See De Los Santos, 810 F.2d at 1331, 1334-35.

Edwards also contends that the district court erred when it denied his motion to suppress the evidence seized during the search of his residence because the search warrant and supporting affidavits were based on uncorroborated and unsubstantiated statements and lacked in indicia of probable cause to render belief in its existence entirely unreasonable.

Edwards has failed to present any evidence that the detectives' statements, if false, were made intentionally or with a reckless disregard for the truth. See United States v. Alvarez, 127 F.3d 372, 373 (5th Cir. 1997). Further, the affidavits were not so lacking in indicia of probable cause that they rendered the detectives' belief in its existence entirely unreasonable. The CI had been used at least six times in the past and had proved to be reliable. Further, the information provided by the CI was corroborated by the detectives' observations and the audiotape from the controlled buy. Therefore, the good-faith exception to the

exclusionary rule was applicable, and the district court did not err when it denied Edwards's motion to suppress.  See United States v. Satterwhite, 980 F.2d 317, 320-22 (5th Cir. 1992).

Edwards also contends that the district court clearly erred in determining the quantity of drugs attributable to him as relevant conduct.  Specifically, he argues that the offenses included as relevant conduct were unrelated, too remote in time, based on different fact patterns, unfounded, unadjudicated, and based on hearsay evidence.

"Post-[United States v. Booker, 125 S. Ct. 738 (2005)], we continue to apply the same standard of review to claims of erroneous fact-finding with respect to the application of adjustments, i.e., we review for clear error."  United States v. Villanueva, ___ F.3d ___, No. 03-20812, 2005 WL 958221, *8 n.9 (5th Cir. Apr. 27, 2005).  Edwards has not demonstrated that the district court clearly erred in determining the quantity of drugs attributable to him as relevant conduct.  See United States v. Ocana, 204 F.3d 585, 589-91 (5th Cir. 2000).  Although most of the offenses included as relevant conduct took place nearly two years prior to the offense of conviction, this alone does not make them irrelevant.  See United States v. Miller, 179 F.3d 961, 967 n.10 (5th Cir. 1999) (noting that a 21-month gap is not automatically too remote and that if other factors are "authoritatively present" the temporal factor may be overcome).  Further, all of the offenses involved Edwards's sale of crack cocaine to undercover officers or

informants and the seizure of controlled substances pursuant to warrants obtained as a result of those transactions. Finally, although Edwards argues that the relevant conduct offenses were unfounded, unadjudicated, and based on hearsay evidence, he did not submit any rebuttal evidence to refute the information in the presentence report (PSR). See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

Edwards also contends that the district court clearly erred when it increased his base offense level for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). Specifically, he argues that the enhancement was based on the execution of an arrest warrant nearly one year prior to the offense of conviction; that the incident was uncorroborated, unadjudicated, based on hearsay evidence, and lacking in indicia of reliability; and that the Government failed to establish a sufficient nexus between his actions and the weapon.

Edwards has not demonstrated that the district court clearly erred when it increased his base offense level for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). The incident was properly included as relevant conduct. See U.S.S.G. § 1B1.3. Further, the weapons were found in Edwards's residence and in close proximity to the drugs and money. See United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993). Finally, Edwards did not submit any rebuttal evidence to refute the information in the PSR. See Vital, 68 F.3d at 120.

Edwards also contends that the district court's reliance on testimonial statements to determine the quantity of drugs attributable to him as relevant conduct and to increase his base offense level for possession of a dangerous weapon violated his rights under the Confrontation Clause. He relies on Crawford v. Washington, 124 S. Ct. 1354 (2004).

Crawford involved a defendant's right under the Confrontation Clause during his criminal trial. 124 S. Ct. at 1356-58. Prior to Crawford, this court had not recognized such a right at sentencing. See United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999). Nothing in Crawford indicates that its holding is applicable to sentencing proceedings. Therefore, Edwards's contention is foreclosed by Navarro.

Finally, Edwards contends that the relevant conduct determination and possession of a dangerous weapon enhancement were improper in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). Because Edwards did not object on this basis in the district court, this court's review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).

Although Edwards's sentence was enhanced based on facts that were neither admitted by him nor found by a jury beyond a reasonable doubt, he has not demonstrated that this plain error affected his substantial rights. Edwards has failed to point to any evidence in the record indicating that the same sentence would

not have been imposed had the district court known that the Sentencing Guidelines were advisory. The record itself gives no indication that the district court would have reached a different result under an advisory guidelines scheme. The district court found that although a sentence at the lowest end of the guideline range was still a high sentence, it was warranted because other periods of supervision and incarceration had not deterred Edwards's criminal behavior, he had prior convictions for delivery of controlled substances, he had several pending charges, and he continued to engage in drug-trafficking. Given the lack of evidence indicating that the district court would have reached a different conclusion, Edwards has not demonstrated that his substantial rights were affected, and, thus, he has failed to establish plain error. See Mares, 402 F.3d at 520-22.

Accordingly, the district court's judgment is AFFIRMED.