

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2006

# USA v. Persaud

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3796

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Persaud" (2006). *2006 Decisions.* Paper 1586.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1586

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3796

UNITED STATES OF AMERICA

v.

SURINDRA PERSAUD,
Appellant

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 02-cr-00113)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2006
Before: RENDELL and STAPLETON, Circuit Judges,
and POLLAK*, District Judge.

(Filed February 14, 2006 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

    Surindra Persaud was convicted of possession with intent to distribute cocaine

_____

*Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

base and distribution of cocaine base. He was sentenced to a thirty-three month term of incarceration and a three-year term of supervised release. He was also ordered to pay a special assessment of $200. Persaud appeals both his conviction and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We will affirm Persaud's conviction, but vacate his sentence and remand for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005).

## I.

Persaud was arrested in connection with a surveillance operation by the police department of Wilmington, Delaware. The record, which includes a police surveillance video, establishes that Persaud was involved in what the police believed were two drug transactions on the 300 block of West Seventh Street in Wilmington. Based on their belief that they had witnessed him sell narcotics, police arrested Persaud and engaged in a search incident to that arrest, during which they found in his vehicle a zip-lock bag containing cocaine base. Persaud challenges his conviction on the grounds that the police lacked probable cause to arrest or search him. He argues that the District Court should have found the arrest unconstitutional and suppressed the cocaine discovered during the search incident to his arrest.

We review de novo the District Court's determination of probable cause. *Ornelas v. United States*, 517 U.S. 690, 699 (1996). But while the existence of probable cause is a question of law, it greatly depends on factual findings. *United Stated v. Orozco*, 982

F.2d 152, 154 (3d Cir. 1993). In our de novo review of the probable cause determination, we must accept findings of fact made by the District Court unless clearly erroneous. *Ornelas*, 517 U.S. at 699; *United Stated v. Williams*, 413 F.3d 347, 351 (3d Cir. 2005).

Probable cause exists whenever circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). It is a fluid concept that turns on the assessment of probabilities in particular factual contexts. *Illinois v. Gates*, 462 U.S. 213, 232 (1983). The standard "requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995). Though probable cause must ultimately be decided by the courts, not the police, we must remember that police officers may draw inferences and make deductions that would elude an untrained person. *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). Thus, we view the facts through the lens of reasonable officer's experience and training. *Ornelas*, 517 U.S. at 696; *United States v. Burton*, 288 F.3d 91, 99 (3d Cir. 2002).

The record supports several findings of fact that established probable cause to arrest Persaud. The testimony of one of the police officers involved in the surveillance operation, as well as the surveillance video itself, establish that at approximately 7:30

P.M. on July 31, 2002, a unidentified white male approached an unidentified African-American male wearing blue polka dot shorts on the 300 block of West Seventh Street in Wilmington. The unidentified African-American male, to whom the District Court referred as "Mr. Blue," sat down on a set of porch steps with the unidentified white male. After a short time, Mr. Blue stood up and gestured towards Persaud, who had been standing by himself down the block from Mr. Blue. Persaud walked up the street towards Mr. Blue and they conferred together at very close range in a manner that obscured their interaction from the surveillance camera. Mr. Blue sat down again on the steps and, almost immediately, the unidentified white male got up from the steps and left the vicinity. The testifying officer stated that, in his experience, this activity was consistent with a drug transaction in which Persaud had handed Mr. Blue narcotics that Mr. Blue proceeded to sell to the unidentified white male.

Standing alone, the surveillance footage of this alleged transaction and the police officer's testimony might support a finding that there was probable cause, from the viewpoint of a reasonable officer, to believe that Persaud had participated in a drug transaction. However, additional evidence in the record further bolstered the probable cause determination. Approximately one minute after the unidentified white male left the area, a woman later identified as Mary Williams approached Persaud and Mr. Blue, who were now standing together on Seventh Street. Williams and Mr. Blue exchanged what the officer believed was money, and Williams immediately left the area. The testifying

4

officer stated that, based on his experience and training, he believed this was a second drug transaction. When Wilmington police officers stopped Williams two blocks away, she admitted that she possessed crack cocaine. She told the officers that she had just purchased the drugs "down the street," though she did not specifically identify either Persaud or Mr. Blue as the individuals who sold her the drugs at that time. This information was relayed to the other officers on the surveillance team before they arrested Persaud.

Persaud argues that there is no evidence in the record that he handed drugs to Williams. Moreover, since Williams did not identify Persaud as the person who had sold her the cocaine, he contends that her statements do not support probable cause. Taken in isolation, we agree that the Williams "transaction" may not have provided probable cause to arrest Persaud. The surveillance video shows an exchange only between Mr. Blue and Williams, while Persaud watched on at close proximity. This transaction, however, did not occur in isolation. It came in the context of previous interactions between Mr. Blue and Persaud in which they seemed to work together to complete a suspicious transaction. And though Williams's statement that she purchased the cocaine "down the street" does not conclusively establish that Persaud was involved in selling it to her, it was strong corroboration of the suspicions of the officers that Persaud and Mr. Blue were working together to sell drugs.

Because the Wilmington police had probable cause to arrest Persaud, the cocaine

base found in his vehicle during a search incident to his arrest was admissible. The District Court did not err in denying Persaud's motion to suppress.

## II.

Persaud also challenges his sentence based on the grounds that the factual determination of the amount of cocaine he possessed and distributed was made by the District Court rather than the jury. Persaud was sentenced before the Supreme Court's decision in *United States v. Booker*. In *United States v. Davis*, 407 F.3d 162 (3d Cir.2005) (en banc ), we concluded that defendants sentenced before *Booker* should have their sentencing challenge "remand[ed] for consideration of the appropriate sentence by the District Court in the first instance." *Id.* at 166. Having concluded that the sentencing issues raised here are best determined by the District Court in the first instance, we will vacate Persaud's sentence and remand for resentencing in accordance with *Booker*.