United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————————

**No. 06-40144**

———————————

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LARRY JUNIOR CHASTEN,**

**Defendant-Appellant.**

———————————

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(1:05-CR-546-1)**

———————————

Before SMITH, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Convicted for conspiracy to possess, and possession with intent to distribute, marijuana, Larry Chasten challenges the denial of his suppression motion and contends his Sixth Amendment fair-trial and confrontation rights were violated. **AFFIRMED.**

I.

After being directed by a paid confidential informant to a tractor-trailer's location at a secluded farmhouse, Immigration and Customs Enforcement Agents followed it, observed unusual behavior, and executed a traffic stop. Chasten was the driver of the

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tractor-trailer.  One of the Agents told Chasten he had observed suspicious activity and asked to search the vehicle.  Chasten agreed.  Approximately 48 kilograms of marijuana were found in the trailer.

Chasten was charged with conspiracy to possess, and possession with intent to distribute, less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 846.  His motions, *inter alia*, to suppress the marijuana and for disclosure of the informant's identity, were denied; for, *inter alia*, discovery of exculpatory evidence, granted.

A bench trial was held on stipulated evidence.  Chasten was found guilty of both counts.  He was sentenced, *inter alia*, to 33 months' imprisonment for each count, to be served concurrently.

## II.

Chasten challenges the denial of his suppression motion and claims violation of his constitutional rights.  Each contention is without merit.

### A.

A suppression ruling requires a determination of reasonable suspicion or probable cause, based on historical facts, which are reviewed only for clear error.  *Ornelas v. United States*, 517 U.S. 690, 697 (1996); *United States v. Pompa*, 434 F.3d 800, 803 (5th Cir. 2005).  "[Q]uestions of law, including whether the district court's ultimate conclusions of Fourth Amendment reasonableness are

2

correct, [are reviewed] *de novo*". **United States v. Maldonado**, 472 F.3d 388, 392 (5th Cir. 2006).

Law enforcement officers may conduct a brief investigatory stop of a vehicle and its occupants when they have *reasonable suspicion* "criminal activity may be afoot". **Terry v. Ohio**, 392 U.S. 1, 30 (1968). "'Reasonable suspicion' is considerably easier for the government to establish than probable cause." **United States v. Tellez**, 11 F.3d 530, 532 (5th Cir. 1993). There need only be "some minimal level of objective justification for the officer's actions, measured in [the] light of the totality of the circumstances". **United States v. Rideau**, 969 F.2d 1572, 1574 (5th Cir. 1992) (en banc). Based on the totality of the circumstances, there was objective justification for stopping Chasten's vehicle.

One of the Agents received a tip from an informant, who had provided reliable information on numerous prior occasions. *See* **United States v. De Los Santos**, 810 F.2d 1326, 1336 (5th Cir. 1987). According to the informant: a tractor-trailer with out-of-state license plates had followed another vehicle from a hotel parking lot through "back roads"; the driver of the second vehicle parked it and boarded the tractor; and the tractor-trailer then followed a third vehicle to a secluded farmhouse, where, after some difficulty, it was parked close to the house. The Agents arrived in the area and established surveillance. After 30 to 45 minutes,

the tractor-trailer left the farmhouse with another vehicle following it.

An Agent testified that, based on his nine years in narcotics investigation, these circumstances were suspicious due to: an out-of-state tractor-trailer departing from main roads to an area without a gas station or truck stop; its taking aboard a passenger; its difficulty parking, suggesting the driver had *not* been to the farmhouse before; its remaining at the farmhouse for a short period of time, indicating it was loading contraband; and, on departure, its being accompanied by an escort or lookout vehicle. As stated, these circumstances provide ample support for the requisite reasonable-suspicion finding.

### B.

Chasten contends his Sixth Amendment rights to a fair trial and to confront adverse witnesses were violated by: the Government's failure to advise him of relevant facts about the informant, specifically a theft charge brought, but later dropped, against him over 20 years earlier; and the denial of his motion for disclosure of the informant's identity.

### 1.

Under **Brady v. Maryland**, 373 U.S. 83, 87 (1963), "the government's failure to disclose evidence to the defense violates [Chasten]'s due process rights where the evidence is (1) favorable to the defense; and (2) *material* to guilt or punishment". **United**

4

*States v. Brown*, 303 F.3d 582, 593 (5th Cir. 2002) (emphasis added).  Evidence is "material to guilt or punishment" if there is a reasonable probability its disclosure would have resulted in a different outcome in the proceeding.  *Jackson v. Johnson*, 194 F.3d 641, 649-50 (5th Cir. 1999).  "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence."  *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).  *Brady* claims are reviewed *de novo*.  *Wright v. Quarterman*, 470 F.3d 581, 591 (5th Cir. 2006), *petition for cert. filed* (16 Mar. 2007) (No. 06-10186).

Disclosure of the informant's quite distant theft charge was *not* favorable to the defense and had little, if any, probability of resulting in a different outcome.  The information could *not* have been used to impeach a witness because the informant did *not* testify at trial.  Furthermore, many of the informant's observations were confirmed by the Agents.

2.

Finally, using a three-part inquiry, we review for an abuse of discretion the denial of Chasten's motion for disclosure of the informant's identity.  *United States v. Sanchez*, 988 F.2d 1384, 1391 (5th Cir. 1993).  The inquiry entails:  (1) evaluation of the level of the informant's participation in the alleged criminal

5

activity; (2) the helpfulness of disclosure to any asserted defense; and (3) the Government's interest in nondisclosure. *United States v. Orozco*, 982 F.2d 152, 154-55 (5th Cir. 1993).

The district court did *not* abuse its discretion. First, the informant's level of participation was minimal. He did *not* participate in the criminal activity but simply observed Chasten's activities and communicated his observations and Chasten's location to an Agent; Agents established surveillance and, *inter alia*, observed the tractor-trailer depart with another vehicle. *See **id.*** at 155 (finding informant's "very minor role" in criminal transaction favors nondisclosure). Second, Chasten has *not* shown disclosure of the informant's identity would have significantly assisted his defense. As noted, the Agents independently attested to many of the suspicious circumstances. Finally, the Government had a strong interest in continuing to use the informant, who had previously provided accurate information as a confidential source for law enforcement. *See **De Los Santos***, 810 F.2d at 1331.

### III.

For the foregoing reasons, the judgment is

***AFFIRMED.***