**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

NO. 94-30517
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


VERSUS

CLAUDE ANTANNE GRIFFIN, JR.,

Defendant-Appellant.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


_____

NO. 94-30555
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


VERSUS

MAXON H. MORGAN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
_____

September 21, 1995

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Claude Griffin, Jr., and Maxon Morgan appeal their convictions of cocaine trafficking. They contend that their Sixth Amendment right to compulsory process was denied when the district court refused to allow them to call a witness before the jury for the sole purpose of having him invoke an invalid privilege against self-incrimination. Because the Sixth Amendment recognizes no such right, we affirm.

I.

In 1993, Claude Griffin, Sr., hatched a plan to import cocaine into the United States with the assistance of his son, Claude Griffin, Jr., Maxon Morgan, and others. The conspiracy was ultimately uncovered and the conspirators indicted. The elder Griffin pleaded guilty and received life imprisonment; the younger Griffin and Morgan received a joint jury trial.

At trial, both defendants denied culpability, seeking to shift blame to the elder Griffin. Claude Griffin, Jr., denied any participation in the conspiracy. He argued that his father's use of the family home and air conditioning business to set up the importation scheme had unfairly cast suspicion upon him. Morgan did not deny involvement but alleged that Griffin had coerced him into participating in the scheme. He claimed that Griffin had loaned him money for a legitimate business and then used the indebtedness, coupled with threats of personal harms to force him to join the conspiracy.

Both defendants sought to call the elder Griffin as a witness.

The trial court, advised that he would claim a privilege against self-incrimination and refuse to testify, conducted an in camera review of Griffin and determined that he had waived his privilege by pleading guilty.  After Griffin informed the court that he nonetheless would refuse to testify, the court fined him and returned him to prison.[1]

The defendants then requested that the court either place Griffin on the stand so that he could assert his Fifth Amendment privilege before the jury or inform the jury of his refusal to testify.  The court denied both requests.


II.

The defendants contend that the Compulsory Process Clause of the Sixth Amendment[2] guarantees them the right to place a witness on the stand for the sole purpose of having him invoke an invalid Fifth Amendment privilege in the jury's presence.  They recognize that we have unambiguously ruled that the Compulsory Process Clause provides no such right with respect to a witness claiming a valid privilege.[3]  Their argument rests on distinguishing those witnesses

---

[1] Griffin's life sentence prevented the court from doing anything more to compel him to testify.

[2] The Compulsory Process Clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor . . . ."  U.S. CONST. amend. VI.

[3] United States v. Bolts, 558 F.2d 316, 324 (5th Cir.), cert. denied, 434 U.S. 930 (1977), cert. denied, 439 U.S. 898 (1978); United States v. Gomez-Rojas, 507 F.2d 1213 (5th Cir.), cert. denied, 423 U.S. 826 (1975); United States v. Lacouture, 495 F.2d 1237, 1240 (5th Cir.), cert. denied, 419 U.S. 1053 (1974); see also United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir. 1973); United States v. Beye, 445 F.2d 1037 (9th Cir. 1971); Bowles v.
(continued...)

3

who invoke valid Fifth Amendment privileges from those who invoke the privilege improperly.

In fact, our caselaw suggests that the validity of the witness's privilege is unimportant. In <u>Lacouture</u> we stated that a defendant's right to compulsory process was "exhausted by [the witness's] physical availability at court." 495 F.2d at 1240.

The Sixth Amendment requires that a witness be brought to court, but it does not require that he take the stand after refusing to testify. <u>Id.</u>.[4] Once a witness appears in court and refuses to testify, a defendant's compulsory process rights are exhausted. It is irrelevant whether the witness's refusal is grounded in a valid Fifth Amendment privilege, an invalid privilege, or something else entirely.[5] The defendants' Sixth Amendment rights were satisfied as soon as the elder Griffin appeared in court and refused to testify; the court was under no obligation to grant their request to place Griffin on the stand.[6]

---

[3](...continued)
<u>United States</u>, 439 F.2d 536, 541-42 (D.C. Cir. 1970) (en banc), <u>cert. denied</u>, 401 U.S. 995 (1971).

[4] <u>See also</u> <u>United States v. Gloria</u>, 494 F.2d 477, 480 (5th Cir.) (defendant not denied compulsory process when subpoenaed witness appeared at trial but refused to testify), <u>cert. denied</u>, 419 U.S. 995 (1974).

[5] <u>See</u> <u>In re Bizzard</u>, 559 F.Supp. 507, 510 (S.D. Ga. 1983) (right to compulsory process not denied when court failed to enforce subpoena against witness who refused to testify for fear of his life).

[6] Griffin and Morgan do not assert that the district court erred by concluding that it lacked the discretion to grant their request. <u>See</u> <u>Lacouture</u>, 495 F.2d at 1240 ("[T]he trial court was within its discretion in excluding matter of such dubious probative value and high potential for prejudice."); <u>Gomez-Rojas</u>, 507 F.2d at 1220 ("Once the court satisfies itself that the [Fifth Amendment] claim is well-grounded . . . it may, in its discretion, decline to permit either party to place the witness on the stand for the purpose of eliciting a claim of privilege or to comment on this circumstance."); <u>see also</u> <u>Johnson</u>, 488 F.2d at 1211 ("[T]he court may, in its (continued...)

We explained in Lacouture why a district court should be free to prevent a witness from invoking the privilege against self-incrimination before the jury: "[A] claim of Fifth Amendment privilege is likely to be regarded by the jury as high courtroom drama and a focus of ineradicable interest, when in fact its probative force is weak and it cannot be tested by cross-examination."  495 F.2d at 1240.[7]  We observed that "[n]either side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him."  Id. (quoting Johnson, 488 F.2d at 1211).  Juries are no less likely to draw improper inferences from an invalid assertion of privilege than from a valid assertion.  In either case, the witness avoids cross-examination.  Lacouture's rationale applies whenever a witness refuses to testify, irrespective of whether the refusal is grounded in a legitimate Fifth Amendment privilege.

Griffin and Morgan assert that even if they had no right to call the elder Griffin to the stand, the Constitution at least mandates that they be able to call the jury's attention to his refusal to testify.  We rejected this argument in Lacouture, approving an order that defense counsel avoid reference to a

---

[6](...continued)
discretion, refuse to allow [the witness asserting the privilege] to take the stand.").  Our holding should not be taken to mean that a court may never grant such a request, but only that the Sixth Amendment does not require that it do so.

[7] See also Bowles, 439 F.2d at 541-42 ("[T]he probative value of the event is almost entirely undercut by the absence of any requirement that the witness justify his fear of incrimination and by the fact that it is a form of evidence not subject to cross-examination.").

reluctant witness's absence.  <u>Id.</u>  We did so for the same reasons that led us to conclude that the defendant had no right to call the witness in the jury's presence.  <u>Id.</u>  We therefore reject this argument as well.

For the foregoing reasons, the judgments of conviction are AFFIRMED.