**UNITED STATES of America**

v.

**Luis Armando SANDOVAL,
Silvestre Alvarez.**

**Criminal No. L–95–111–S.**

United States District Court,
S.D. Texas,
Laredo Division.

Nov. 2, 1995.

Adolph R. Guerra, Roerig Oliveria & Fisher, Brownsville, TX, for Luis Armando Sandoval.

J.C. Trevino, III, Laredo, TX, Luis A. Vallejo, Houston, TX, for Silvestre NMI Alvarez.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant Alvarez' Motion for Severance. In his motion and in a pre-trial hearing conducted on October 19, 1995, Alvarez argued that severance was justified on the following grounds: (1) that his co-defendant and alleged co-conspirator, Sandoval, would invoke his Fifth Amendment right against self-incrimination in a joint trial and would therefore deprive Alvarez of an opportunity to call Sandoval as a witness to provide potentially exculpatory testimony; (2) that the government would introduce a prior arrest of and prior incriminating statements made by Sandoval, creating a prejudicial "spill over" effect on Alvarez; and (3) that Alvarez would be prejudiced by a joint trial because he would not, in closing arguments, be able to comment upon Sandoval's failure to testify without infringing upon Sandoval's Fifth Amendment rights.

### LEGAL ANALYSIS

■ This Court will grant a severance "only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants or prevent the jury from making a reliable determination of guilt or innocence." *United States v. Bermea,* 30 F.3d 1539, 1572 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995). In order to obtain a severance, a defendant must make a showing of compelling prejudice. *United States v. Coppola,* 788 F.2d 303, 307 (5th Cir.1986). Alvarez has failed to make such a showing.

1. *Exculpatory testimony from a co-defendant*

■ The Defendant must make a threshold showing of four factors before the Court will consider granting a severance to introduce exculpatory testimony of a co-defendant: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. *United States v. Daly,* 756 F.2d 1076, 1080 (5th Cir.), *cert. denied,* 474 U.S. 1022, 106 S.Ct. 575, 88 L.Ed.2d 558 (1985) (citation omitted). In an attempt to satisfy this burden, counsel for Alvarez introduced affidavits from both Alvarez and Sandoval. Sandoval's affidavit merely states that he would invoke his Fifth Amendment right against self-incrimination at a joint trial. Alvarez demonstrated neither the substance of Sandoval's proposed testimony nor the exculpatory value of any such testimony. More importantly, the record is void of any evidence that Sandoval would in fact testify on behalf of Alvarez if the cases were severed. A severance clearly is not warranted on this basis.

2. *Possible "spill over" effect*

■ "The rule, rather than the exception, is that persons indicted together should be tried together, especially in conspiracy cases." *United States v. Thomas,* 12 F.3d 1350, 1363 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 1861, 128 L.Ed.2d 483 (1994). Even a "quantitative disparity" in the evidence presented at a joint trial is "clearly

insufficient in itself to justify severance." *Id.* (quoting *United States v. Harrelson,* 754 F.2d 1153, 1175 (5th Cir.), *cert. denied,* 474 U.S. 908, 106 S.Ct. 277, 88 L.Ed.2d 241 (1985)). The mere fact that the government has certain evidence admissible only against Sandoval, namely his prior criminal record and prior incriminating statements, does not justify the granting of a severance. Evidence of "the reputation or past crimes of one co-defendant, although clearly inadmissible against the other co-defendants, does not ordinarily justify severance." *United States v. Rocha,* 916 F.2d 219, 228 (5th Cir.1990), *cert. denied,* 500 U.S. 934, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991); *United States v. Williams,* 809 F.2d 1072, 1085 (5th Cir.), *cert. denied,* 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 187 (1987) (one co-defendant's prior "conviction does not demonstrate compelling prejudice").

Severance is especially inappropriate when, as here, the defendants are charged with conspiracy. In conspiracy cases, severance is not mandated "even where the quantum and nature of the proof in each case is different so long as the trial court repeatedly gives cautionary instructions." *Id.; Bermea,* 30 F.3d at 1572 (careful jury instructions can generally cure any prejudice created by a joint trial). Instead, the severance inquiry under Rule 14 is whether the jury could reasonably sort out the evidence and view each defendant and the evidence relating to that defendant separately. *Rocha,* 916 F.2d at 228. In this case, cautionary instructions would provide sufficient assurance against any potential prejudice. Accordingly, Alvarez' "spill over" argument is without merit.

3. *Alvarez' inability to comment on Sandoval's failure to testify*

Alvarez' final severance argument is that a joint trial would prejudice him because his counsel would not, in closing argument, be able to comment on Sandoval's failure to testify, thus preventing the attorney from carrying out a "duty" owed to Alvarez. Alvarez apparently bases this novel argument on the Fifth Circuit opinion in *De Luna v. Unit-*

*ed States,* 308 F.2d 140 (5th Cir.1962), a reliance which is misplaced.

In *De Luna,* the court confronted a classic antagonistic defense situation in which one defendant (Gomez) asserted his own innocence while pointing the finger at his nontestifying co-defendant (De Luna). At trial and during closing arguments, Gomez, the testifying defendant, "put all the blame" on De Luna, the nontestifying co-defendant. *Id.* at 142. During closing argument, Gomez' counsel made the following statement:

> Well, at least one man was honest enough and had courage enough to take the stand and subject himself to cross-examination and tell you the whole story ... You haven't heard a word from this man (De Luna).

*Id.* at 143. The Court thus faced a situation that "put Justice to the task of simultaneously facing in opposite directions." *Id.* Critical to the court's decision to reverse the trial court's denial of severance were the "head-on collision between the two defendants, the repetition of the comments, and the extended colloquy over the comments between the trial judge and the lawyers." *Id.* at 154. The import of the *De Luna* opinion is that comments upon a defendant's silence are improper not only when made by judges or prosecutors but by co-defendant's counsel as well. *Id.* at 152.

In affirming a denial of a severance motion based upon the "De Luna doctrine," the Court of Appeals for the District of Columbia pointedly remarked that "severance is not required simply because one defendant may wish to comment on another's refusal to testify." *United States v. Ehrlichman,* 546 F.2d 910, 930 (D.C.Cir.1976), *cert. denied,* 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 570 (1977) (noting the importance, in *De Luna,* of the presence of mutually exclusive and irreconcilable defenses). In fact, the *De Luna* doctrine has been repeatedly limited to antagonistic defense situations. *United States v. Baggett,* 455 F.2d 476, 477 (5th Cir.1972); *United States v. Wilson,* 451 F.2d 209, 215 (5th Cir.1971), *cert. denied,* 405 U.S. 1032, 92 S.Ct. 1298, 31 L.Ed.2d 490 (1972); *United States v. Hyde,* 448 F.2d 815, 831–32 (5th Cir.1971), *cert. denied,* 404 U.S. 1058, 92

S.Ct. 736, 30 L.Ed.2d 745 (1972). More recent cases have affirmed the notion that antagonistic defenses justify severance only when the defenses are "antagonistic to the point of being mutually exclusive or irreconcilable, so that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *United States v. Sandoval*, 847 F.2d 179, 183 (5th Cir.1988) (citation omitted); *Zafiro v. United States*, 506 U.S. 534, 539–40, 113 S.Ct. 933, 937–38, 122 L.Ed.2d 317 (1993) (mutually antagonistic defenses are not prejudicial *per se* and question of severance is left to sound discretion of district court).

The *De Luna* rationale is not applicable to this case. Counsel for Alvarez explicitly stated to the Court in the October 19, 1995 hearing, that he was not pursuing an antagonistic defense theory, but rather was relying upon a "mere presence" theory to defend his client. Because Alvarez does not hinge his claim of innocence upon an assertion of Sandoval's guilt, there is no "antagonistic defense" here. Thus, Alvarez' attorney has no "duty ... to draw the jury's attention to the possible inference of guilt from [Sandoval's] silence." *De Luna*, 308 F.2d at 141. Indeed, the Court questions whether the quoted dicta can still withstand critical analysis. *See United States v. Marquez*, 319 F.Supp. 1016, 1020–22 (S.D.N.Y.1970) (criticizing the *De Luna* dicta, the court stated that no right exists, even in a separate trial, to comment upon a co-defendant's assertion of constitutional privilege), *aff'd*, 449 F.2d 89 (1971), *cert. denied*, 405 U.S. 963, 92 S.Ct. 1167, 31 L.Ed.2d 239 (1972). It is clear that a witness cannot be paraded before a jury for the purpose of publicly invoking the privilege against self-incrimination. *United States v. Lacouture*, 495 F.2d 1237, 1240 (5th Cir.), *cert. denied*, 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648 (1974). The Fifth Circuit has recently reiterated that the probative value of invoking the Fifth Amendment is "weak" and neither side has the right to benefit from any inferences a jury might draw from that invocation, even if the Fifth Amendment claim is not legitimate. *United States v. Griffin*, 66 F.3d 68, 70–71 (5th Cir.1995). This means that were a severance to be granted, Alvarez clearly could not call Sando-

val—or anyone else—as a witness just to have him invoke his Fifth Amendment right. Equally clear is that Alvarez could not tell the jury in that situation that Sandoval had invoked his Fifth Amendment privilege. It is, therefore completely illogical to hold that if Sandoval remains a co-defendant, Alvarez should be able under any circumstances to ask a jury to infer Sandoval's guilt from his refusal to testify.

Accordingly, Alvarez' Motion for Severance is DENIED.