United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 2, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-40885
Summary Calendar

CHARLIE J. LONG,

Petitioner-

Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-

Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-354
-------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Charlie J. Long ("Long"), Texas prisoner # 902617, appeals the district court's denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Long's petition stems from his

1999 conviction for aggravated assault, for which he is serving a 20-year sentence. The district court

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

granted Long a certificate of appealability on the sole issue whether Long was deprived of his right to compulsory process under the Sixth Amendment when a defense witness asserted his Fifth Amendment right against self-incrimination upon the advice of an attorney appointed to represent the witness. The state courts rejected this claim on the merits. Long also has filed a motion for leave to file an out-of-time reply brief of excess length; that motion is GRANTED.

Contrary to Long's assertion, the record does not support a determination that the witness's invocation of his Fifth Amendment right was anything but voluntary. Further, once the witness appeared in court and refused to testify, Long's Sixth Amendment compulsory process rights were exhausted, regardless of the reason for invoking the Fifth Amendment. See United States v. Griffin, 66 F.3d 68, 70 (5th Cir. 1995); United States v. Follin, 979 F.2d 369, 374 (5th Cir. 1992). Accordingly, the state court's rejection of Long's Sixth Amendment claim was not based on an unreasonable application of clearly established federal law, as determined by the Supreme Court, and Long is not entitled to federal habeas corpus relief. See 28 U.S.C. § 2254(d)(1).

AFFIRMED.