United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50552
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME OYORZAVAL-VERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 3:04-CR-1976-2
--------------------

Before SMITH, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jaime Oyorzaval-Vera challenges his conviction by a jury of conspiracy to possess with intent to distribute and possession with intent to distribute 100 kilograms or more of marihuana. He was sentenced to concurrent terms of 60 months of imprisonment and four years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Oyorzaval-Vera contends that the district court's refusal to admit, pursuant to FED. R. EVID. 804(b)(1) and (3), his unavailable co-defendant's plea hearing testimony was error that was not harmless. Oyorzaval-Vera asserts that the testimony was exculpatory; the testimony was reliable because it was given under oath and under penalty of perjury; and the testimony was corroborated by other trial evidence. He contends that the government had a similar motive and opportunity to develop the testimony at the co-defendant's plea hearing.

We review an issue concerning "the admissibility of evidence for abuse of discretion." United States v. Vega, 221 F.3d 789, 803-04 (5th Cir. 2000). If an abuse of discretion is found, the error is reviewed for harmlessness. United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996).

The government's motive to develop the co-defendant's testimony at the plea hearing was not similar to its motive at Oyorzaval-Vera's trial. See United States v. Atkins, 618 F.2d 366, 373 (5th Cir. 1980); see also United States v. Jackson, 335 F.3d 170, 176-79 (2d Cir. 2003). Accordingly, the testimony was not admissible under FED. R. EVID. 804(b)(1). Even if the refusal to admit the testimony under rule 804(b)(1) was error, the error was harmless in light of the evidence of Oyorzaval-Vera's guilt. See Skipper, 74 F.3d at 612.

Oyorzaval-Vera does not identify specific testimony and circumstances that corroborate his co-defendant's plea hearing testi-

mony and that clearly indicate its trustworthiness. Indeed, the testimony provided by Border Patrol agents does not only fail to corroborate Oyorzaval's co-defendant's plea hearing testimony, the agents' testimony directly contradicts the plea hearing testimony. Accordingly, there are no corroborating circumstances that plainly indicate the trustworthiness of the co-defendant's testimony, and the district court did not abuse its discretion by refusing to admit it. See Vega, 221 F.3d at 803.

Oyorzaval-Vera contends that the refusal to admit his co-defendant's testimony deprived him of his constitutional right to compulsory process. An accused's right to compulsory process is not "an unfettered right to offer testimony that is incompetent, privileged or otherwise inadmissible under standard rules of evidence." United States v. Walker, 410 F.3d 754, 758 (5th Cir.) (internal quotations and citation omitted), cert. denied, 126 S. Ct. 633 (2005). The Sixth Amendment right of compulsory process must yield to a witness's Fifth Amendment privilege against self-incrimination. United States v. Follin, 979 F.2d 369, 374 (5th Cir. 1992).

The plea hearing testimony was not admissible under FED. R. EVID. 804(b)(1) or (3). Further, Oyorzaval-Vera exercised his right to compulsory process, and his co-defendant invoked his right against self-incrimination without interference from the government or the district court. Oyorzaval-Vera's compulsory process rights were thus exhausted. See United States v. Griffin, 66 F.3d 68, 70

3

(5th Cir. 1995).

The judgment is AFFIRMED.