# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-51146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KODELL VALENTINO FOSTER,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-17-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kodell Valentino Foster appeals his jury conviction for possession with intent to distribute cocaine within 1000 feet of a public school, possession with intent to distribute marijuana within 1000 feet of a public school, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon.

Foster argues that the district court violated his Sixth Amendment rights by refusing to allow him to call a witness or to inform the jury, during closing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments, that one of the Government's subpoenaed witnesses failed to testify. He asserts that the jury could infer the witness's guilt from her failure to appear in response to a subpoena. Although criminal defendants have a fundamental right under the Sixth Amendment to present witnesses in their own defense, this right is not unfettered. Taylor v. Illinois, 484 U.S. 400, 408-10 (1988). In addition, the Sixth Amendment does not mandate that a defendant be allowed to call the jury's attention to a reluctant witness's absence. United States v. Griffin, 66 F.3d 68, 71 (5th Cir. 1995). Therefore, the district court did not violate Foster's Sixth Amendment rights.

When there is no Sixth Amendment violation, this court addresses whether the district court abused its discretion in excluding evidence. United States v. Ragsdale, 426 F.3d 765, 774 (5th Cir. 2005). The decision whether to admit testimony or other evidence is within the sound discretion of the district court. United States v. Virgen-Moreno, 265 F.3d 276, 295 (5th Cir. 2001). It is well settled that it is impermissible to draw inferences from a party's failure to call a witness equally available to both sides. Id. at 291. However, "[w]hen a witness is controlled by one party, failure to call the witness, if his testimony would elucidate facts in issue, creates an inference which the jury is permitted to draw against that party." United States v. Chapman, 435 F.2d 1245, 1247 (5th Cir. 1970). Foster has not shown that the witness, his live-in girlfriend, was in the Government's control to create an inference to be drawn against the Government. Moreover, an attorney is not permitted to state in closing arguments that he could have called additional witnesses whose testimony would have supported his theory of the case. United States v. Vaglica, 720 F.2d 388, 394 (5th Cir. 1983). Finally, any error was harmless because Foster has not demonstrated that the failure to call the jury's attention to the absence of the witness's testimony was harmful error with a "substantial and injurious" influence on the jury's verdict. See United States v. Lowery, 135 F.3d 957, 959 (5th Cir. 1998).

Foster also argues that there was insufficient evidence to prove that he had knowledge of either the drugs or the weapon. The knowledge element for possession of contraband is rarely proven by direct evidence. *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996). However, knowledge can be established by inference and circumstantial evidence. *United States v. Garcia-Flores*, 246 F.3d 451, 454 (5th Cir. 2001).

Testimony established that a search of Foster's vehicle revealed the presence of a large, partially unzipped black duffle bag containing a loaded pistol rifle, twenty-six pounds of marijuana, and twenty-one grams of cocaine. The weapon was pointed up, out of the duffle bag, and the marijuana emitted a very strong odor throughout the interior of the vehicle. Although Foster was not the registered owner of the vehicle, he was listed as an approved driver on the insurance and admitted that he had been in possession of the vehicle for at least one month. Because the contraband was not hidden in a compartment, the jury could have inferred knowledge simply from Foster's control over the vehicle. See id. Other circumstantial evidence of guilty knowledge included Foster's initial reluctance to grant the police request to search the vehicle but resulting lack of surprise when the contraband was discovered; the presence on Foster's person of a large sum of money in small denominations, indicative of drug dealers; and the presence of drug paraphernalia discovered during a subsequent search of Foster's residence. See *United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998) (per curiam). There was sufficient evidence to sustain a determination that Foster had knowledge of the drugs and weapon.

AFFIRMED.