# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

No. 16-41600
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ENRIQUE FERNANDO SALAZAR-VALENCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1122-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Enrique Fernando Salazar-Valencia was convicted by a jury of conspiracy to import five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), and 960(b)(1)(B). Accordingly, he received a within-Guidelines sentence of 210 months' imprisonment. Salazar challenges his conviction and sentence. Regarding the former, he claims: (1) the evidence was insufficient for conviction; (2) he was denied a fair trial due to

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-41600

prosecutorial misconduct; and (3) he was denied his right to compulsory process under the Sixth Amendment.  As for the latter, he maintains the court erred by:  (1) finding he was responsible for conspiring to import 50 kilograms or more of cocaine; (2) imposing a two-level enhancement under Guidelines § 2D1.1(b)(2) for a credible threat to use violence; and (3) imposing a two-level enhancement under Guidelines § 3B1.1(c) because Salazar was a leader, organizer, supervisor, or manager in the drug-trafficking organization.

"We review properly preserved claims that a defendant was convicted on insufficient evidence with substantial deference to the jury verdict, asking only whether a rational jury could have found each essential element of the offense beyond a reasonable doubt." *E.g.*, *United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012) (internal citation omitted).  But where, as here, the "defendant moves for a judgment of acquittal at the end of the Government's case but, after presenting evidence, fails to renew that motion, the defendant has forfeited his insufficiency challenge and our review is for a manifest miscarriage of justice".  *Id.* (internal citation omitted).  We view "the evidence in the light most favorable to the [G]overnment, giving [it] the benefit of all reasonable inferences and credibility choices".  *Id.* at 337 (internal citation omitted).  For the reasons that follow, Salazar's claim fails.

Salazar elected to testify at trial.  The evidence demonstrated he was more than a blind drug mule.  Hernandez testified he and Salazar worked for a drug-trafficking organization which transported cocaine from Mexico to the United States; Salazar's role had been recruitment for the organization; and Salazar had created and utilized a small busing company to smuggle the cocaine.  Wolff testified she worked for the organization; met with Salazar on three occasions; was threatened by Salazar; and was given money by Salazar to obtain a passport.  Mondragon testified Salazar recruited her to work as a

2

No. 16-41600

driver for the drug-trafficking organization and gave her the details for her trips; wanted to know when she had crossed the border; arranged meetings; and, on one occasion, paid her for a trip.  Finally, Romero testified the bus he drove from Mexico to Texas was registered in Salazar's name, and Salazar was aware a portion of the bus' floor had been removed prior to the trip.

For the prosecutorial-misconduct claim, Salazar challenges:  two portions of the Government's opening closing argument and rebuttal, as constituting improper vouching for, or bolstering of a witness; and allegedly improper statements regarding threats, elicited by the Government on direct examination from two witnesses, Romero and Wolff.  Our court applies a two-step analysis to determine whether prosecutorial misconduct occurred, first determining *de novo* whether an improper remark was made, and, then, under an abuse of discretion standard, evaluating whether defendant's substantial rights were affected by any improper remark.  *United States v. McCann*, 613 F.3d 486, 494 (5th Cir. 2010).

Nonetheless, Salazar objected only to the first statements.  Therefore, because he did not object to the remaining remarks in district court, the first remarks are reviewed for error under our two-step analysis, and the remaining statements are reviewed only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under the plain-error standard, Salazar must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*  For the following reasons Salazar fails to show error for the first statements, and plain error for the last three.

No. 16-41600

The Government's statements during arguments were nothing more than a discussion of the witnesses' testimony, and a series of reasonable inferences which could be drawn from the testimony. The Government did not express a personal opinion on the witnesses' honesty or on the merits of this case which was not based on the evidence presented. *United States v. Ceballos*, 789 F.3d 607, 624 (5th Cir. 2015).

With respect to the allegedly improper statements elicited from Romero and Wolff, the questions asked by the Government were relevant to Salazar's guilt or innocence on the conspiracy charge. Romero testified Salazar threatened to have him killed if he was unable to recover the bus from custody, which is relevant to Salazar's knowledge of whether there was cocaine on the bus and his overall role in the drug-trafficking operation. Wolff testified Salazar threatened to kill her should she steal drugs, which was also relevant to Salazar's overall role in the drug-trafficking operation. The evidence was relevant and not unfairly prejudicial.

Salazar claims he was denied his right to compulsory process under the Sixth Amendment when the court excused Roberto Solorio Hernandez (Roberto)—Raul Solorio Hernandez' son—from testifying at trial without first inquiring into the basis of his assertion of the privilege against self-incrimination. Because Salazar did not specifically raise this issue in the district court, our review is for plain error. *E.g., United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

Salazar does not show plain error. The record reflects Roberto was available as a witness but the court did not permit him to take the witness stand because he planned to invoke his Fifth Amendment privilege. Because our precedent indicates it is irrelevant whether Roberto's invocation of the privilege was valid, the court did not commit a clear or obvious error by

4

refusing to question Roberto as to the basis for his invocation of the privilege. *United States v. Griffin*, 66 F.3d 68, 70 (5th Cir. 1995). Therefore, Salazar's compulsory process rights were exhausted. *Id.*

To the extent *United States v. Gomez-Rojas*, 507 F.2d 1213, 1220 (5th Cir. 1975), and *Hoffman v. United States*, 341 U.S. 479, 486–87 (1951), might suggest some ambiguity in our precedent, it is insufficient to establish the requisite clear or obvious error on plain-error review. *United States v. Morales-Rodriguez*, 788 F.3d 441, 443 (5th Cir. 2015). Moreover, "[t]o sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result". *Hoffman*, 341 U.S. at 486–87.

The validity of Roberto's assertion of the privilege is arguably evident from the discussion in district court regarding Roberto's relevance to Salazar's defense, and the testimony Salazar sought to elicit—that Roberto was assisting his father to frame Salazar in the drug conspiracy—because the clear implication is Roberto was involved in a criminal activity. Accordingly, because there was no clear or obvious error in refusing to specifically question Roberto as to the validity of the privilege, Salazar fails to demonstrate plain error. *Puckett*, 556 U.S. at 135; *Griffin*, 66 F.3d at 70.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).

No. 16-41600

In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Regarding clear error *vel non*, information in the presentence investigation report (PSR) is "presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate, or unreliable". *United States v. Sanchez*, 850 F.3d 767, 769 (5th Cir. 2017) (internal citation omitted).

The crux of Salazar's claim, as to all three enhancements, is that the testimony of witnesses at his trial, and their statements reported in the PSR, were not credible. Nonetheless, he presented no contrary evidence at sentencing, and the court observed the trial testimony of the witnesses and found them credible. "District courts enjoy wide discretion in determining which evidence to consider and to credit for sentencing purposes." *United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir. 2012). The court's conclusions, based on its own evaluation of the witnesses' credibility at trial, were not clear error, as they were "plausible in light of the record as a whole". *Cisneros-Gutierrez*, 517 F.3d at 764 (internal citation omitted).

AFFIRMED.